**TURBEVILLE v. GOWDY et al.   (No. 11308.)**

(Court of Civil Appeals of Texas. Fort Worth. April 4, 1925. Rehearing Denied May 2, 1925.)

**1. Schools and school districts ☞97(7)—Bond issue of independent school district held not void.**

A bond issue of Archer independent school district, created by Loc. & Sp. Acts 36th Leg. 3d Called Sess. c. 11, was not illegal and void, in view of Const. art. 7, §§ 1 and 3, because district includes a large area, nor because bonds are made to bear interest at rate of 6 per cent. rather than 5 per cent. since Acts 37th Leg. c. 24, § 9, specifically permits issuance of bonds bearing 6 per cent. interest.

**2. Schools and school districts ☞97(1)—Law extending power of independent district to issue bonds bearing 6 per cent. interest held not retroactive.**

Acts 37th Leg. c. 24, § 9, extending power of board of trustees of independent school district to issue bonds bearing 6 per cent. interest instead of 5 per cent., *held* not retroactive as to independent school district incorporated by Loc. & Sp. Acts 36th Leg. 3d Called Sess. c. 11, which act contained ·declaration that it was cumulative of all general laws then in force or thereafter enacted.

**3. Schools and school districts ☞22—Act incorporating independent school district properly adopted general laws in force or which might thereafter be enacted.**

Provision of Loc. & Sp. Acts 36th Leg. 3d Called Sess. c. 11, incorporating Archer independent school district, adopting provisions of general laws then in force or that might thereafter be enacted *held* authorized.

**4. Constitutional law ☞188—When statute is "retroactive" stated.**

A statute is "retroactive" which takes away or impairs vested rights acquired under existing laws, or creates new obligations, imposes new duty, or adopts a new disability in respect to transactions or considerations already passed, and which affects acts or rights accruing before it came into force.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Retroactive.]

**5. Constitutional law ☞93(1)—Individual acquires no vested right by creation of school district.**

The creation of an independent school district did not give a property owner therein a vested right, which, under the Constitution, would inhibit control by·constitutional and legislative agency, location of schoolhouses, or means adopted by board of trustees to build them or to provide funds for proper maintenance and promotion of public schools in an incorporated district.

**6. Schools and school districts ☞24(2)—Existence and extent of district can only be determined by suit in name of state or some one under its authority.**

The existence and extent of an independent school district cannot be questioned in an action by private individual, but can only be determined by suit in name of state or by some one under its authority.

**7. Schools and school districts ☞107—Excessive levy of school taxes in the past not ground for enjoining collection of present taxes.**

In suit to enjoin trustees of independent school district from levying and collecting taxes, .allegation that school trustees have been arbitrarily and unlawfully assessing plaintiff's land at higher value than same is assessed per acre for state and county taxes presents· no ground for relief, since practice in past is immaterial.

**8. Schools and school districts ☞103(1)—District restricted to assessed valuations of state and county only when taxes assessed and collected by state and county assessor.**

It is only in cases where an independent school district assesses and collects its taxes by the state and county assessor that the district is restricted to assessed valuations of state and county.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

Suit for injunction by J. H. Turbeville against J. A. Gowdy and others, Trustees of Archer Independent School District. Judgment of dismissal, and plaintiff appeals. Affirmed.

Taylor & Taylor and J. L. Lackey, all of Wichita Falls, for appellant.

C. D: Jessup, of Houston, W. E. Forgy, of Archer City, and W. P. Dumas, of Dallas, for appellees.

CONNER, C. J.   This suit was brought by J. H. Turbeville against the Archer city independent school district, seeking an injunction in the district court of Archer county to

---

restrain the school trustees of said district from levying and collecting taxes on plaintiff's property which he alleged was assessed at a greater value than the same was assessed for state and county taxes, and to require said school trustees to maintain schools in different parts of the district so that each child may be accessible and near to a school to attend it, and thereby receive its proportionate part of the school money, and to restrain said school trustees from using or selling the bonds which were voted at an election held for the purpose of determining whether or not bonds should be issued and taxes levied for the purpose of liquidating same. It was alleged that the Legislature of the state of Texas undertook to create a district to be known as the Archer independent school district, containing about 142 square miles of territory, which was situated in Archer county, and that about 7,500 acres of the same was the property of the plaintiff. It was alleged that the act creating or attempting to create said district was not authorized by law, for reasons set forth in the petition.

The application was set down for hearing, at which time the court sustained a general demurrer and special exceptions to the petition. The plaintiff declined to amend, and the cause was dismissed by the trial court, from which order plaintiff has duly prosecuted this appeal.

The Legislature, by an act effective June 8, 1920, created and incorporated the Archer independent school district. See Local and Special Laws of the state of Texas, passed by the Third Called Session of the Thirty-Sixth Legislature, page 24. The boundaries of the district are defined in the act, and constitute a large area, including the lands of appellant. After providing for the election of the trustees, section 5 of the act declares that—

"Said board of trustees shall be required to perform all of the duties and be invested with all of the authority and power of boards of trustees of independent school districts incorporated for school purposes only, under the general laws of this state."

The act further provides (section 7) that the board of trustees shall have the power to provide for the means of transportation of school children to and from school, and to establish routes for the purpose, etc., and further that—

"The provisions of this act shall be cumulative of all general laws now in force or hereafter enacted governing independent school districts, their manner of creating debts, levying and collecting taxes, except when the same is in conflict with the provisions of this act." Section 8.

From a transcript of the proceedings below, which it was agreed in open court by all parties on the submission of this case

that we might consider, it appears that on the 30th day of July, 1924, some 25 resident property taxpaying voters of the Archer city independent school district presented a petition to its board of trustees praying for an election in the district for the purpose of submitting the question of whether said board of trustees should be authorized to issue bonds of the district to the amount of $75,000, payable at dates immaterial to state, and "bearing interest at the rate of 6 per cent. per annum." On the 14th day of October, following, the board of trustees, in regular session, and with full membership, considered the petition, and granted its prayer, ordering an election for the purpose stated to be held on the 22d day of November, 1924, the order designating the voting place and appointing the officers of the election, etc. Notice of the election was issued, the election held, and resulted in an affirmative note which was seasonably declared. On the 20th day of December following the board of trustees, at a regular meeting, with full membership present, made an order authorizing the issuance of the bonds of which complaint is made in appellant's petition. No complaint is made of the regularity of any of these proceedings, except as may be noticed in our subsequent discussion.

We deem it unnecessary to quote appellant's petition in its entirety, but think that it will be sufficient to give its substance, which may be fairly stated as follows: (1) That the district is not a valid corporation, and that the authorized bonds will result in unjust taxation on the plaintiff's property; (2) that the proceeds of such bonds will not be used for proper and legitimate purposes; (3) that the bonds will bear 6 per cent. interest, whereas under the law 5 per cent. interest is the maximum rate allowed; (4) that the act approved March 5, 1921 (see General Laws 37th Leg. c. 24, p. 56), authorizing the issuance of bonds bearing 6 per cent. interest, is retroactive and ex post facto; and (5) that taxable property in the district is assessed at a value in excess of the value fixed for state and county purposes.

Section 1, article 7, of our Constitution, as found in 1922 Gammel's Edition, expressly imposes the duty upon the Legislature of this state to establish and make suitable provision for the support and maintenance of public free schools, and section 3 of that article declares that the Legislature may "provide for the formation of school districts by general or special laws * * * and also such school districts, whether created by general or special laws, may embrace parts of two or more counties." It is further provided that the Legislature shall have authority to pass laws for the assessment and collection of taxes on all such districts for the maintenance and control of the public schools of such district, whether such dis-

tricts are composed of territory wholly within a county or in parts of two or more counties; and that the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of the school buildings therein, provided that a majority of the qualified taxpaying voters of the district, voting at an election to be held for that purpose, shall vote such tax not to exceed in any one year $1 on the $100 valuation of the property subject to taxation in such district, with exceptions not relevant to the questions before us.

[1, 2] In State of Texas v. Brownson, 94 Tex. 436, 61 S. W. 114, it was held that the Legislature may make any laws not prohibited by the Constitution of the state or the United States, and that courts, in order to hold an act unconstitutional, must be able to point out a specific provision which inhibits the Legislature expressly or by clear implication. Many other authorities might be cited to the same effect. It seems evident, therefore, that the bond issue question in this case cannot be declared illegal and void because of the fact that the incorporating act of the Archer city independent school district includes a large area; nor is it to be said, we think, that the bond issue is invalid because it was made to bear interest at the rate of 6 per cent. rather than 5 per cent., as was authorized under general laws at the date of the act incorporating the district. For the act of the Legislature approved March 5, 1921, above referred to, not only authorized the trustees of the independent school districts to issue bonds in amounts and upon conditions complained of in the present case, but also provided (section 9 of the act) that "such bonds shall bear not more than 6 per cent. (6%) interest per annum," etc. Hence, it cannot be said that the imposition of the rate of 6 per cent. interest upon the bonds in question is unauthorized either by the terms of the constitution or the legislative act. Nor do we think it can be properly said that the law extending the power of a board of trustees of an independent school district to issue bonds bearing 6 per cent. interest instead of 5 per cent. is retroactive, as insisted upon by appellant, for by reference to section 8 of the act incorporating the Archer independent school district above quoted it may be seen that the incorporating act was declared to be cumulative to all general laws then in force or thereafter enacted governing independent school districts. And by a further reference to section 13 of the act of 1921, above referred to, it may be also seen that "the trustees of any independent school district that has been, or may hereafter be incorporated under general or special laws, for

school purposes only," are given the power to levy and collect an ad valorem tax not to exceed $1 on the $100 valuation of taxable property of the district for the maintenance of schools therein, etc.

[3] It is held to be a permissible legislative method to adopt, as was done in the act incorporating the district in question, provisions of the general laws then in force or that might thereafter be enacted. Quinlan v. Railway Co., 89 Tex. 356, 34 S. W. 738; Dallas County Levee District v. Looney, 109 Tex. 326, 207 S. W. 310.

It was held by the Commission of Appeals in the case of Mission Independent School District v. Armstrong, 222 S. W. 201, that article 2853, conferring the power of taxation upon the trustees of independent school district, adopts by reference and incorporates into the act of which such article is a part those articles conferring upon cities and towns the power of levying and collecting taxes.

It was held in Cox v. Robison, 105 Tex. 426, 150 S. W. 1149, that as a general rule statutes operate prospectively, but that they may operate retrospectively when it is apparent that such was the intention, provided no impairment of vested rights results.

In Parker v. Harris County Drainage District, 148 S. W. 351, it was held by the Court of Civil Appeals that the Legislature may require any act to be done by a retroactive statute which it could have required in the first instance, and may dispense retroactively with any statutory formality which it could have dispensed with in the first instance.

[4] A retroactive law, in the sense of the constitution, and in so far as is here applicable, which prohibits such acts, is one made that affects acts or rights accruing before it came into force. A statute is retroactive which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or adopts a new disability in respect to transactions or considerations already passed. See Poole v. Fleeger, 11 Pet. 185, 9 L. Ed. 680; Sturges v. Carter, 114 U. S. 511, 5 S. Ct. 1014, 29 L. Ed. 240; Keith v. Guedry (Tex. Civ. App.) 114 S. W. 392.

[5, 6] Appellant at the time of the creation of the Archer independent school district, did not thereby acquire a vested right that under the constitution would inhibit control by constitutional and legislative agencies the location of schoolhouses, or the means adopted in this case by the board of trustees to build them, or to provide funds for the proper maintenance and promotion of public schools in a district incorporated. While the bond issue in question seems to have been intended both by the electorate and trustees for the building of a schoolhouse of a certain character in Archer City, yet there is

nothing in the law nor in the facts presented which shows that other schools, if any in the territory, have been taken away, or that as necessity and occasion arise the trustees may not provide other schoolhouses in the district. It seems quite clear that the existence and extent of a quasi municipal corporation, such as an independent school district, cannot be questioned in an action such as this by a private individual, but can only be determined by a suit in the name of the state, or by some one under its authority. See Common School District v. Keeling (Tex. Sup.) 261 S. W. 364; Harbin Ind. School District v. Denman (Tex. Com. App.) 222 S. W. 538; Coffman v. Goree Ind. School District (Tex. Civ. App.) 141 S. W. 132.

[7, 8] The allegations that "the school trustees have been arbitrarily and unlawfully assessing plaintiff's land at a higher value than the same is assessed per acre for state and county taxes" presents no ground for relief. The practice in the past is immaterial in the present action, and, should such assessment be made upon the land in question in the future, then will be the time to enjoin the assessment if the board of equalization refuses relief and the circumstances otherwise warrant it. Moreover, it is not alleged that the district in question assesses and collects its taxes by the state and county assessor, and it is only in such case that the district is restricted to the assessed valuations of the state and county. Avery v. Cooper, 107 Tex. 483, 180 S. W. 734.

On the whole, we conclude that the court below made a proper disposition of the case, and its judgment will accordingly be affirmed.