### HOYA v. WODEN INDEPENDENT SCHOOL DIST. (No. 1468.)

Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1927.

**1. Statutes ⊜8½(1)—Requirement of notice of intention to apply for special and local law does not apply to acts creating independent school districts (Const. art. 3, § 57, art. 7, § 3).**

Provision of Const. art. 3, § 57, that no local or special law shall be passed unless notice of intention to apply therefor shall have been published for 30 days prior to introduction into Legislature, does not apply to statutes creating independent school districts, by the express terms of art. 7, § 3.

**2. Evidence ⊜341—Changes in certified copy of statute by stranger held mere spoliation not affecting admissibility, original terms plainly appearing.**

Interlineations and changes in certified copy of special act made by stranger to suit, and not at instance of appellee, *held* merely a spoliation, and not to affect the admissibility of the certified copy; its original terms plainly appearing.

**3. Appeal and error ⊜931(5)—Court will be presumed to have considered certified copy of statute as originally made, disregarding spoliation where original terms plainly appeared.**

Appellate court will presume that trial court considered certified copy of special act of Legislature as it was certified by the secretary of state, and disregarded interlineations and changes amounting to spoliation thereof, where the original terms plainly appeared.

**4. Schools and school districts ⊜24(2)—Validity of independent school district can be attacked only by state in direct action, and not by individual in tax suit.**

Individual cannot attack the incorporation of an independent school district in a suit for taxes by it, but its validity can be questioned only in a direct action by the state.

**5. Schools and school districts ⊜30—Legislative intention that independent school district comprise territory within old common school district will not be defeated by errors in describing boundaries (Special Act Creating Woden Independent School District, § 5).**

Errors in description of boundaries in Special Act Creating Woden Independent School District, if existing, will not defeat intention of Legislature, expressed in section 5, that such school district comprise the same territory as that embraced in the Woden common school district.

**6. Evidence ⊜341—Where statute creating independent school district admittedly showed intention that district embrace territory in common school district, changing description of boundaries in certified copy held not to affect copy's admissibility (Special Act Creating Woden Independent School District).**

Changes in certified copy of Special Act creating Woden Independent School District as to the description of the boundaries of the school district *held* not to destroy the admissibility of the certified copy, where the act admittedly intended that the new district comprise the territory embraced within the old common school district.

**7. Schools and school districts ⊜22—Statute creating independent school district embracing common school district would not be invalid if district also included portion of another (Special Act Creating Woden Independent School District).**

Special Act Creating Woden Independent School District embracing territory comprising Woden common school district would not be invalid, even if it included within the independent school district a portion of the territory of another common school district.

**8. Schools and school districts ⊜24(2)—Extent of independent school district can be questioned only by state in direct action, and not by individual in tax suit.**

An individual cannot question the extent of an independent school district in a suit by it for delinquent taxes, but this can be done only by the state in a direct action for that purpose.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit to collect taxes brought by Woden Independent School District against Henry Hoya and Federal Land Bank, which prayed for relief against Henry Hoya. From a judgment for plaintiff, defendant Henry Hoya appeals. Affirmed.

V. E. Middlebrook, of Nacogdoches, for appellant.

F. P. Marshall, of Nacogdoches, for appellee.

O'QUINN, J. The Woden independent school district brought this suit against appellant, Henry Hoya, to collect delinquent taxes on land owned by him situated in said district, and the Federal Land Bank of Houston, Tex., was made a party defendant by reason of its having a lien on the land.

Appellant answered by general demurrer and several special exceptions, general denial, and specially: (1) That the land alleged to be delinquent was not situated within the Woden independent school district, but that same was situated within the Little Flock common school district; (2) that no legal assessment of the property for taxes by said Woden independent school district had been made; (3) that for each of the years for which the land in controversy was alleged

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be delinquent, he had paid taxes on same in and to the Little Flock common school district; (4) that said Woden independent school district was not a legal entity, in that same was created by a special act of the Legislature, and no notice of the intent to create same was advertised, as required by law; (5) that "the pretended act of the Legislature, if any, creating the Woden independent school district, is unconscionable and subversive of justice and equity to the people concerned adjoining the pretended district, in this, it attempts to take into its territory lands which belong to other and different districts"; (6) that said district was unconscionable and a fraud, in that from the southwest corner to the northeast corner of said district was at least 20 miles, and that it was 18 miles from the southwest corner of the district to the schoolhouse in said district; (7) that said Woden independent school district is not a legally formed and constituted district, for in that the field notes bounding same are defective and do not close, and therefore said district is a nullity; and several other matters of defense, which we do not deem it necessary to state.

The Federal Land Bank of Houston answered, asserting its lien duly executed by appellant on and against the land in question, and alleged that the instrument by which its said lien was created contained a provision that should appellant fail to pay any taxes assessed against the premises, it or its assigns had the right to make payment of such amount as was legally due, and that the amount so paid shall be secured by their said lien, and prayed that upon the trial it have judgment over against appellant for any sum that might be adjudged against it.

Trial was had to the court without a jury, and a judgment rendered in favor of appellee and against appellant, Henry Hoya, and said Federal Land Bank for taxes, interest, and penalties, aggregating the sum of $45.97, together with an attorney's fee of $6, and interest from the date of the judgment at the rate of 6 per cent., and fixed and foreclosed a lien on 160 acres of land fully described, and decreed that same be sold to satisfy the judgment. Motion for a new trial was made and overruled, and Hoya has appealed.

[1] Appellant's contention that the Woden independent school district is not a legal entity because, the act of the Legislature creating same being a special and local law, it was necessary that notice of intention to apply therefor should have been published for 30 days prior to its introduction and passage, is overruled. Appellant's contention is based upon section 57, art. 3, of the Constitution, but section 3, art. 7, of the Constitution expressly provides that school districts may be formed by either general or special acts, without publication of the notice required in other cases of special legislation. This gave the Legislature a free hand in the creation of independent school districts. State v. Brownson, 94 Tex. 439, 61 S. W. 114; Snyder v. Baird Independent School District (Tex. Civ. App.) 109 S. W. 472; Houston v. Gonzales Independent School District (Tex. Civ. App.) 202 S. W. 963; Powell v. Charco Independent School District (Tex. Civ. App.) 203 S. W. 1178.

[2-4] Appellee offered in evidence a certified copy from the secretary of state of the special act of the Legislature creating Woden Independent school district. Appellant objected to the introduction of this evidence because it appeared there had been some interlineations and erasures not shown to have been made by the secretary of state when the certificate was made. This objection was overruled, and the court's action in so doing is assigned as error.

The assignment is overruled. The interlineations and erasures were explained by the witness Munsell, a surveyor who made the map of Woden independent school district. At whose instance he made the interlineations and erasures is not shown. He had no relation to or interest in the suit. It is not thought that any or all of the changes or interlineations made had the effect to change the sense or the legal effect or identity of the certificate in respect to any right of appellant. The interlineations and changes made by Munsell, it not appearing that same were done at the instance of appellee, and Munsell being a stranger to the instrument, and to the cause of action, would amount merely to a spoliation, and would not affect the certified instrument or its admissibility in evidence; its original terms plainly appearing to the court. Rushing v. Bank (Tex. Civ. App.) 160 S. W. 337, 340; 2 C. J. p. 1233, § 104. It is not contended that any fraud was practiced. Moreover, the case was tried before the court, and the certificate was a plainly typewritten instrument, and the erasures and interlineations made with lead pencil, and so the complete instrument, as certified, was visible to the court, and it is to be presumed that he considered the instrument as certified by the secretary of state. Furthermore, the legality or validity of an independent school district can be attacked only by the state, and, when such attack is made by one as a defense to a suit for delinquent taxes, constitutes a collateral attack on the incorporation of the district, and cannot be maintained. Molyneaux v. Amarillo Independent School District (Tex. Civ. App.) 277 S. W. 185 (writ refused); Martin v. Grandview Independent School District (Tex. Civ. App.) 266 S. W. 607 (writ refused). As this objection to the certificate of the secretary of state certifying the act of the Legislature forming and creating the Woden independent school district was for the purpose of showing that the field notes as certified were incomplete or er-

roneous, and hence no such valid district existed, and as appellant could not attack the validity of said district, either directly or indirectly, the matters objected to became immaterial, and the court did not err in overruling the objection to the admissibility of the certificate.

[5, 6] Again, it was alleged and proven that the Woden common school district was by special act of the Legislature created into the Woden independent school district, and out of the identical territory that composed the Woden common school district; the field notes of the one composing the field notes of the other. Section 5 of the act recited that the Woden independent school district consists of the identical territory of the Woden common school district. It is admitted that such was the intent and effect of the act. Therefore, it being shown and admitted that it was the intention of the Legislature that the new district, that is, the Woden independent school district, should and did comprise the same territory as that embraced within the old district, that is, the Woden common school district, if it be conceded that mistakes were made in describing same by metes and bounds, it must be held, as a matter of law, that the intention of the Legislature will not be defeated by such mistakes or errors in setting out the field notes or boundaries of the district. Frass v. Darrouzett Independent School District (Tex. Civ. App.) 277 S. W. 751. So, the attempting to correct the field notes in the certified copy of the act creating the Woden independent school district by the witness Munsell, it being shown that the whole certificate was before the court, and that said certificate showed the creation of said district by the Legislature, was immaterial, did not destroy the admissibility of said certificate, and the court did not err in admitting and considering same in evidence.

[7] Appellant complains that the Woden independent school district was intended to incorporate only the territory that had composed the Woden common school district, but that, as shown by the special act creating said independent district, it covered and appropriated a portion of the territory of the Little Flock common school district, and that this was not well taken. The evidence is clear that none but the territory of the Woden common school district was included in the Woden independent school district, and this according to the intent of the Legislature. But if it could be said that said act did include a portion of the territory of the Little Flock common school district, that would not render the act unlawful, for such could be done under the law. Turbeville v. Gowdy (Tex. Civ. App.) 272 S. W. 559; Common School District No. 16 v. Keeling, 113 Tex. 523, 261 S. W. 364.

And, as before stated, the legality of the Woden independent school district can be questioned only by the state in an action brought for that purpose, and not by a defendant in a suit for delinquent taxes.

[8] Likewise, the contention of appellant that said independent school district is unconscionable and a fraud, because of its length from one corner to another, and the distance from one corner to the schoolhouse, is no defense to a suit for delinquent taxes, for it is well settled that the extent as well as the existence of an independent school district cannot be questioned by an individual, but must be done by the state in a direct action for that purpose. Turbeville v. Gowdy (Tex. Civ. App.) 272 S. W. 559.

Appellant's proposition that no legal assessment of the property and levy of the taxes were shown is overruled. We think the record shows that the law in said particulars was complied with.

No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.