# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 20, 1991

Honorable Allen Hightower
Chairman
Committee on Corrections
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-45

Re: Whether the amendment to article 42.18 of the Code of Criminal Procedure regarding the mandatory time that inmates must serve prior to eligibility for parole is retroactive (RQ-65)

Dear Representative Hightower:

Your question references amendments to the Code of Criminal Procedure adopted by the 70th Legislature. Specifically, section 8(b) of article 42.18 of the Code of Criminal Procedure was amended to reduce the time necessary to be served before parole eligibility for certain prisoners. Acts 1987, 70th Leg., ch. 384, § 5, at 1889. You ask whether this change applies only to inmates convicted after the effective date of the amendment. We conclude it does not.

We first consider whether any constitutional provision bars the retroactive application of article 42.18, section 8(b). The federal Constitution forbids the enactment of a law which imposes a punishment for an act which was not punishable at the time it was committed or imposes additional punishment to that previously prescribed. U.S. Const. art. I, § 9, cl. 3; *id.* § 10, cl. 1. Laws affecting eligibility for early release are subject to the *ex post facto* prohibition of the federal constitution. *Weaver v. Graham*, 450 U.S. 24 (1981). A law is impermissible if it

> substantially alters the consequences attached to a crime
> already completed, and therefore changes 'the quantum of
> punishment.'

*Id.* at 33, *citing Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977). Under the federal *ex post facto* doctrine, a retrospective penal law can only be constitutionally applied to

a prisoner if it is not to his detriment. *Id.*

The Texas Constitution also prohibits *ex post facto* laws. Article I, section 16, of the Texas Constitution reads as follows:

> No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

This provision goes further than the federal Constitution in that its prohibition is not limited to retroactive penal laws, but extends to any retroactive law. In an early case interpreting the meaning of the prohibition against retroactive laws in article I, section 16, the Texas Supreme Court stated:

> The making of it evidences an intention to place a further restriction on the power of the legislature; and it must be held to protect every right, although not strictly a right to property, which may accrue under existing laws prior to the passage of any, which, if permitted a retroactive effect, would take away the right. A right has been well defined to be a well-founded claim, and a well-founded claim means nothing more nor less than a claim recognized or secured by law.

*Mellinger v. City of Houston*, 3 S.W. 249, 253 (Tex. 1887). In *Turbeville v. Gowdy*, 272 S.W. 559, 561 (Tex. Civ. App.-- Fort Worth 1925, no writ), the court stated:

> A statute is retroactive which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or adopts a new disability in respect to transactions or considerations already passed.

We do not think the restriction on the power of the legislature found in article I, section 16, of the Texas Constitution is intended to limit the application of legislation where no detriment or impairment of a right ensues. Thus, we conclude that neither the Constitution of the United States nor that of Texas prohibits the application of section 8(b) to inmates convicted of offenses committed before its effective date.

This conclusion finds support in the amendments to the Code of Criminal Procedure enacted by the 70th Legislature. Certain provisions of the 1987 amendments to the Code of Criminal Procedure, which may operate to increase punishment to prisoners, are expressly limited to prisoners convicted of crimes committed after the effective date of the amendment. *See* Acts 1987, 70th Leg., ch. 384, §§ 7 - 9, at 189-91; Acts 1987, 70th Leg., ch. 1101, §§ 18, 19, at 3767-68. These limitations are necessary to avoid impermissible *ex post facto* effects. No such limitation was made to the effect of the amendments to section 8(b)(1) of article 42.18 which reduce the time a prisoner must serve before becoming eligible for parole.

In an article published in the South Texas Law Review, Professor John M. Schmolesky of St. Mary's University School of Law discussed the application of the amendments to section 8(b):

> It appears that only one of the major amendments by the Seventieth Legislature discussed in this article would apply retroactively: the change in parole eligibility from one-third of the sentence imposed or twenty years to one-fourth of the sentence imposed or fifteen years. Because this enactment is beneficial to inmates, it is not subject to the ex post facto doctrine. Furthermore, the legislature apparently intended retroactive application because the statute contains no provision that the earlier parole eligibility date should only apply to inmates after the effective date of the Act, and several other amendments are expressly designated for prospective application. Thus, it appears that the immediate impact of the amendments of the Seventieth Legislature discussed in this article will be the availability of an earlier release from custody for many members of the present prison population despite the apparently more punitive thrust of much of the legislation.

Schmolesky, *Time Changes: Growing Complexity in Texas Sentencing Law*, 30 S. TEX. L. REV. 283, 299-300 (1989) (Ex Post Facto Doctrine).

We agree with Professor Schmolesky's conclusion with respect to the change in the time required to be served before parole eligibility. Because its effect is not

detrimental to the affected prisoners, it runs afoul of neither the *ex post facto* doctrine nor the restriction against retroactive laws found in article I, section 16, of the Texas Constitution. This change applies to prisoners without respect to the time of the commission of the crime or the date of conviction.

## SUMMARY

The effect of the 1987 amendments to article 42.18, section 8(b), of the Code of Criminal Procedure reducing the time prisoners must serve before becoming eligible for parole is not limited with respect to the time the crime was committed or the date of conviction.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General