

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 22, 1997

The Honorable Rodney Ellis
Chair, Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. DM-464

Re: Constitutionality of Senate Bill 1417, Acts 1997, 75th Leg., R.S., ch. 1327, and related questions (RQ-987)

Dear Senator Ellis:

You have requested our opinion on a number of questions relating to the legislature's recent enactment of a "time payment fee." *See* Act of May 27, 1997, 75th Leg., R.S., ch. 1327, 1997 Tex. Sess. Law Serv. 5024, 5024. That provision, to be codified as section 51.921, Government Code, provides, in relevant part:

> (a) In addition to other fees authorized or required by law, the clerk of each district court, statutory county court, county court at law, justice court, and municipal court shall collect a fee of $25 from a person who:
>
> (1) has been convicted of a felony or misdemeanor;
>
> (2) has been ordered to pay a fine, court costs, or restitution by the court; and
>
> (3) seeks to pay the fine, court costs, or restitution over a period of time rather than immediately.
>
> (b) Court fees under this section shall be collected in the same manner as other fees, fines, or costs in the case. The officer collecting the fees shall keep separate records of the money collected under this section and shall deposit the money in the county or municipal treasury, as appropriate.

Under statutes in effect prior to the enactment of section 51.921, when a defendant is ordered to pay a fine and costs as part of a sentence in a criminal adjudication, the court may direct the payment of the fine and costs in one of three ways:

> (1) to pay the entire fine and costs when sentence is pronounced; or
>
> (2) to pay the entire fine and costs at some later date; or

> (3) to pay a specified portion of the fine and costs at designated intervals.

Code Crim. Proc. art. 42.15.[1]  In addition, the court may order a defendant to make full or partial restitution to his victim, and may require that the defendant do so "immediately" or "within a specified period or in specified installments." *Id.* art. 42.037(g).  Newly-enacted section 51.921 addresses the situation in which a defendant seeks to pay a fine, court costs, or restitution "over a period of time."  Section 51.921 thus imposes a charge for a service provided to a convicted defendant—paying "over a period of time"—that was free prior to the effective date of the statute, September 1, 1997.   You first ask whether, in light of Attorney General Opinion DM-123 (1992), the time payment fee established by section 51.921 is violative of the due process or equal protection clauses of the Texas Constitution.

That opinion concluded that section 51.702(h), Government Code, which authorized a commissioners court to adopt a resolution requiring the payment of an additional $10.00 in court costs for each criminal conviction in a statutory county court, was unconstitutional on both due process and equal protection grounds, because some counties might not adopt the additional fee, and more importantly, because many counties have no statutory county court.  Thus, the statute "allow[ed] different costs to be assessed in different counties for the same penal offense." Attorney General Opinion DM-123 (1992) at 3 (quoting from Attorney General Opinion JM-880 (1988)).  For the reasons explained below, we construe the fee created by section 51.921 to apply uniformly throughout the state at the criminal trial level.  Consequently, it is not violative of either due process or equal protection for the reasons cited in Attorney General Opinion DM-123.[2]

Section 51.921 states that it applies to each "statutory county court" and to each "county court at law."  Since a statutory county court is identical to a county court at law, you suggest that the phrase "statutory county court" should be read as "constitutional county court."  We agree.

If section 51.921 is not applicable to constitutional county courts, it is subject to the objection raised in Attorney General Opinion DM-123, *supra*, in that it assesses a charge upon a category of defendants—those who "seek to pay" their fine, court costs, or restitution "over a period of time"—in certain counties but not in others.  Although it is not the proper function of the judiciary, or this office, to correct legislative errors, mistakes, or omissions, *Seay v. Hall*, 677 S.W.2d 19 (Tex. 1984), it is the case that courts have sometimes substituted one word or phrase for another, in order to carry out the intent of the legislature. *Davis v. State*, 88 Tex. Crim. 183, 225 S.W. 532 (1920); *Mauzy v. Legislative Redistricting Bd.*, 471 S.W.2d 570 (Tex. 1971).  Nothing in the legislative history of Senate Bill 1417 indicates an intent to exclude constitutional county courts from the ambit of section 51.921, and the inclusion of the identical terms "statutory county court" and "county court at law" demonstrates, in

---

[1]Article 45.48 uses identical language for justice and municipal courts.

[2]You do not ask, and we do not address, whether the fee otherwise comports with state or federal due process and equal protection guarantees.

our view, that the legislature inadvertently used the phrase "statutory county court" when it meant to say "constitutional county court." Furthermore, the legislature was presumably aware of the existence of Attorney General Opinion DM-123 and the authority on which it relied when it enacted Senate Bill 1417. Since we are required to construe an ambiguous statute in such a way as to render it constitutional, if at all possible, *State v. Shoppers World*, 380 S.W.2d 107 (Tex. 1964), we conclude that section 51.921 includes constitutional county courts among that group of courts to which the time payment fee is applicable. To hold otherwise would lead to absurdity—a result surely not intended by the legislature.

Your next question is whether the time payment fee is applicable only to those offenses committed after the effective date of Senate Bill 1417, *i.e.*, September 1, 1997. You suggest that, if the statute were applied to a person charged with an offense that occurred before September 1, 1997, but whose conviction occurs after September 1, 1997, it might constitute a "retroactive law," in contravention of article I, section 16 of the Texas Constitution.[3] A law is impermissibly retroactive if it "substantially alters the consequences attached to a crime already completed, and therefore changes 'the quantum of punishment.'" *Weaver v. Graham*, 450 U.S. 24 (1981), citing *Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977). In *Turbeville v. Gowdy*, 272 S.W. 559 (Tex. Civ. App.--Fort Worth 1925, no writ), the court declared: "A statute is retroactive which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or adopts a new disability in respect to transactions or considerations already passed." *Turbeville*, 272 S.W. at 561.

As we noted in our answer to your first question, article 42.15 of the Code of Criminal Procedure has long given the court the option of permitting a defendant to pay his fine "at designated intervals." Section 51.921 of the Government Code provides that, in such circumstances, the defendant must pay an additional fee of $25.00. As we noted previously, what was once free now costs $25.00. Although the time payment fee is not a "punishment," it does create a "new obligation" and imposes a "new duty" on persons who wish to pay their fines, court costs, or restitution "over a period of time." As a result, it cannot, in our view, be imposed for offenses committed before the effective date of the statute.

You then question whether the time payment fee applies to an individual who has been granted deferred adjudication. Section 51.921 is applicable to any person who, *inter alia*, "has been convicted of a felony or misdemeanor." Deferred adjudication under section 5 of article 42.12, Code of Criminal Procedure, means that the court, after receiving a plea of guilty or nolo contendere, has found that it is in the "best interest of society and the defendant" to "defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." Code Crim. Proc. art. 42.12, § 5(a). When a defendant is discharged after successfully completing community supervision under deferred adjudication, such "dismissal and discharge . . . may not be

---

[3]Article I, section 16, provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense," except for certain circumstances not relevant here. *Id.* § 5(c).

In *Rodriguez v. State*, 680 S.W.2d 585 (Tex. App.--Corpus Christi 1984, no writ), the court stated that "[a] defendant whose adjudication of guilt is deferred does not have a final conviction and may not appeal unless he proceeds to a final adjudication." *Rodriguez*, 680 S.W.2d at 587. Likewise, in *Triplett v. State*, 686 S.W.2d 342, 345 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd), the court said that "[d]eferred adjudication means that a defendant has been indicted of a offense, rather than convicted." Probation under deferred adjudication is different from probation that is granted after a sentence by suspending the sentence assessed. *Reed v. State*, 702 S.W.2d 738, 740 (Tex. App.--San Antonio 1985, no writ). *See generally McNew v. State*, 608 S.W.2d 166 (Tex. Crim. App. [Panel Op.] 1978); Attorney General Opinion DM-349 (1995). We conclude that the time payment fee does not apply to an individual who has been granted deferred adjudication.

You also inquire about the meaning of the term "immediately," as used in section 51.921. The time payment fee is applicable to a defendant who "seeks to pay the fine, court costs, or restitution over a period of time rather than immediately." You suggest that "immediately" means the time the sentence is pronounced by the court.[4]

Terms in the Government Code must be construed in context and according to their common usage. Gov't Code § 311.011(a). "Immediately" has been held to mean "without interval of time," *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 195 (Tex. 1966), and "forthwith," *Emmons v. Ingebretson*, 279 F. Supp. 558, 568 (M.D. Iowa 1968). It does not mean "instantaneous," *Pickering v. American Employers Ins. Co.*, 282 A.2d 584, 592 (R.I. 1971), but only "within a reasonable time considering all the circumstances," *National Surety Corp. v. Wells*, 287 F.2d 102, 106 (5th Cir. 1961). A satisfactory definition for purposes of the statute under consideration might be "without unnecessary or unreasonable delay." *People v. Carter*, 365 N.Y.S.2d 964, 968 (N.Y. Co. Ct. 1975). In our opinion, read in the context of section 51.921, in juxtaposition to "over a period of time," "immediately" should be taken to mean "in a lump sum and within a reasonable time as directed by the court."

You next question whether, in the event the court consolidates several charges against one defendant, section 51.921 "permit[s] the imposition of a fee for each charge consolidated or for each case." The time payment fee is applicable to every individual fine, group of court costs, or restitution *ordered* by the court. It thus applies to every court *order* to pay "a fine, court costs, or restitution." If the court consolidates several charges, and imposes a single charge in a single *order*,

---

[4]You have not raised an additional problem posed by the enactment of Government Code, section 51.921: That statute distinguishes only between "immediately" and "over a period of time," whereas article 42.15, Code of Criminal Procedure, distinguishes between "when sentence is pronounced," "at some later date," and "at designated intervals." For purposes of our analysis here, we are equating "over a period of time" under section 51.921 only with "at designated intervals" under article 42.15. We do not resolve whether the section 51.921 fee also applies to a defendant who pays a fine in one lump sum "at some later date."

it seems clear that only one time payment fee may be assessed. If, on the other hand, the court issues more than one *order* imposing a fine, court costs, or restitution, a time payment fee may be charged for each order.

Finally, you ask whether the time payment fee is a "cost of court" for purposes of collection. You explain that you are concerned about the priority of payment for the various amounts assessed to a defendant by the court. Section 51.921 imposes the time payment fee on one who "has been ordered to pay a fine, court costs, or restitution by the court," and who seeks to make such payments "over a period of time." The language of the statute would seem to provide contradictory answers to your question. On the one hand, in section 51.921(a)(2) the $25.00 fee is imposed as something *other than* " a fine, court costs, or restitution." *See* Act of May 27, 1997, 75th Leg., R.S., ch. 1327, 1997 Tex. Sess. Law Serv. 5024, 5024. On the other hand, subsection (b) states that "court fees under this section shall be collected in the same manner *as other fees, fines, or costs in the case.*" *Id.*

The time payment fee joins myriad other fees that the legislature has in recent years imposed upon convicted persons. *See, e.g.,* Code Crim. Proc. arts. 102.005 (fees to clerks), .008 (fees for services of prosecutors), .011 (fees for services of peace officers), .013 (other court costs); .015 (misdemeanor costs), .017 (felony costs), .051 (costs for the benefit of the criminal justice planning fund), .081 (traffic conviction costs). The only difference between these costs and the time payment fee is that the defendant may avoid the latter by paying his fine, court costs, or restitution in a lump sum. Like these other fees, proceeds from the time payment fee are shared among various organs of government.[5] We do not believe that the time payment fee is sufficiently distinguishable from these other fees to permit us to conclude that it is not a "cost of court." It is thus our opinion that the time payment fee constitutes a "cost of court" for purposes of collection.

---

[5]The latter portion of section 51.921 provides:

> (c) The custodian of the county or municipal treasury, as appropriate, shall keep a record of the amount of money on deposit collected under this section and shall send 50 percent of the fees collected under this section to the comptroller at least as frequently as monthly. The comptroller shall deposit the fees received to the credit of the general revenue fund.

> (d) The custodian of the county or municipal treasury, as appropriate, shall deposit 10 percent of the fees collected under this section in the general fund of the county or municipality for the purpose of improving the efficiency of the administration of justice in the county or municipality. The county or municipality shall prioritize the needs of the judicial officer who collected the fees when making expenditures under this subsection.

> (e) The custodian of the county or municipal treasury, as appropriate, shall deposit 40 percent of the fees collected under this section in the general revenue account of the county or municipality.

Act of May 27. 1997. 75th Leg., R.S., ch. 1327, 1997 Tex. Sess. Law Serv. 5024, 5024.

## S U M M A R Y

Section 51.921 of the Government Code, which imposes a "time payment fee" on every convicted defendant who chooses to pay his fine, court costs, or restitution "over a period of time" rather than "immediately," is not violative of due process or equal protection under the Texas Constitution for the reasons expressed in Attorney General Opinion DM-123 (1992). The time payment fee is applicable only for offenses committed on or after September 1, 1997. It applies to all trial courts in the state, including constitutional county courts, but not to an individual who has been granted deferred adjudication. "Immediately" means "within a reasonable time as directed by the court." If the court consolidates several charges, and imposes a fine, court costs, or restitution in a single order, only one time payment fee may be assessed. The time payment fee is a "cost of court" for purposes of priority of payment.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Deputy Chair, Opinion Committee