

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 29, 1983

Fred Wendorf, PhD.
Chairman
Texas Antiquities Committee
P. O. Box 12276, Capitol Station
Austin, Texas   78711

Opinion No. JM-104

Re: Effect of designation as a
state archaeological landmark

Dear Dr. Wendorf:

You ask for clarification of the effect of the designation of real property owned by a political subdivision to be a state archaeological landmark under the Antiquities Code, chapter 191 of the Natural Resources Code. You wish to know whether designation of a specific piece of real property owned by an independent school district requires the execution and delivery of a deed to the Texas Antiquities Committee.

Section 191.092(a) states that

> sites, objects, buildings, artifacts, implements, and locations of historical, archaeological, scientific, or educational interest, including those pertaining to prehistoric and historical American Indians or aboriginal campsites, dwellings, and habitation sites, their artifacts and implements of culture, as well as archaeological sites of every character that are located in, on, or under the surface of any land belonging to the State of Texas <u>or to any county, city, or political subdivision of the state are state archaeological landmarks</u>.  (Emphasis added).

Section 191.093 provides that

> landmarks under . . . 191.092 of this code are the <u>sole property of the State of Texas</u> and may not be taken, altered, damaged, destroyed, salvaged, or excavated without a contract with or permit from the committee.  (Emphasis added).

Section 191.002 declares it to be

the public policy . . . of the State of Texas to
locate, protect, and preserve all . . .
buildings . . . and locations of historical,
archaeological, educational, or scientific
interest . . . .

Section 191.051(b)(5) reiterates that it is the responsibility of the
Antiquities Committee to "protect and preserve the archaeological
resources of Texas." We do not address any constitutional question
regarding the declaration that municipal property is the sole property
of the state of Texas.

You state that the Texas Antiquities Committee interprets these
provisions as limiting its jurisdiction over properties designated as
state archaeological landmarks to the protection and preservation of
their value as such. We agree with your interpretation of these
provisions.

It is well recognized that the legislature may exercise authority
over property belonging to the state of Texas or to any county, city,
or political subdivision of the state, subject only to constitutional
restraints. Greene v. Robison, 8 S.W.2d 655, 659 (Tex. 1928); Houston
v. Gonzales Independent School District, 229 S.W. 467, 468 (Tex.
1921); Reese v. Cobb, 135 S.W. 220, 224 (Tex. Civ. App. - 1911, no
writ); Weekes v. Galveston, 51 S.W. 544, 546-547 (Tex. Civ. App. -
1899, writ ref'd). The constitutional limitations on the
legislature's control of property owned by municipal and
quasi-municipal corporations, such as school districts, were defined
in Love v. City of Dallas, 40 S.W.2d 20, 27 (Tex. 1931), where it was
said that the public interest in municipal property acquired for its
benefit did not prevent the legislature from controlling or disposing
of property without the consent of the local governmental body so long
as such was not done in contravention of the trust. See also City of
Victoria v. Victoria County, 101 S.W. 190, 193 (Tex. 1907); Texas
Antiquities Committee v. Dallas County Community College District, 554
S.W.2d 924, 930-931.

The Antiquities Committee view that its governing statute
requires it to protect and preserve the value of state archaeological
landmarks while the deed of ownership remains with the municipal
corporation holding it in trust for the public is consonant with this
principle. You advise us that designation of about five hundred state
archaeological landmarks since 1977 has never involved a deed
transferring ownership to the state. Thus, the committee's
administrative construction of the ambiguous sections 191.092(a) and
191.093 supports the conclusion that such property is appropriately
retained by the municipal corporation while the Antiquities Committee
becomes responsible for the preservation of its value as a state
archaeological landmark. Roy v. Schneider, 221 S.W. 880, 885 (Tex.

1920); <u>Stanford v. Butler</u>, 181 S.W.2d 269, 273-274 (Tex. 1944). The Antiquities Code, originally passed in 1969, was amended in 1981 without major change. Consequently, we believe that it may be presumed that the Antiquities Committee's interpretation of the code meets with legislative approval. <u>Calvert v. Houston Lighting & Power Co.</u>, 369 S.W.2d 502, 509-510 (Tex. Civ. App. - Austin 1963, writ ref'd n.r.e.); <u>Railroad Commission of Texas v. Texas & New Orleans Railroad Co.</u>, 42 S.W.2d 1091, 1097-98 (Tex. Civ. App. - Austin 1931, writ ref'd).

It follows that the Antiquities Code does not require a deed transfer of real property designated as a state archaeological landmark or remove it from the management, use, and control of cities, counties, or political subdivisions by which they are held for public use and benefit. However, the committee's custodial authority supersedes other management and usage rights to the extent that the latter would conflict or interfere with the committee's legislatively mandated duty to protect and preserve and a landmark's "archaeological" value. Therefore, we conclude that the committee's interpretation of 191.092(a) and 191.093 is a reasonable construction of these statutes absent contrary legislative action and any evidence that such construction is erroneous or unsound. <u>Shaw v. Strong</u>, 96 S.W.2d 276 (Tex. 1936); <u>Koy v. Schneider</u>, 221 S.W. 880 (Tex. 1920).

## S U M M A R Y

Where sections 191.092(a) and 191.093 of the Natural Resources Code have been uniformly construed by those charged with their enforcement to mean that no transfer of deed is required when real property owned by a county, city, or other political subdivision is designated a state archaeological landmark, this construction is deemed effective absent legislative action to the contrary or evidence that the construction given is erroneous or unsound.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton