### STATE OF TEXAS v. J. M. BROWNSON ET AL.

No. 988. Decided March 11, 1901.

1. Constitutional Law—Legislative Power.

The Legislature may make any law not prohibited by the Constitution of the State or of the United States, and courts, in order to hold an act unconstitutional, must be able to point out the specific provision which inhibits the legislation expressly or by clear implication. (P. 439.)

2. Same—School Districts.

The Act of May 1, 1899 (Twenty-sixth Legislature, chapter 90, page 151), incorporating the Victoria Independent School District, though passed without notice of the intention to apply therefor required for local laws by article 3, section 57, of the Constitution, was valid,—the requirement of notice in such cases and the prohibition of special or local legislation on such matters (Constitution, article 3, section 56) being obviated by the amendment to section 3 of article 7 of the Constitution, adopted in 1883. (Pp. 439, 440.)

3. Same.

The language of the amendment of 1883 to section 3 of article 7 of the Constitution authorizing the Legislature to "provide for the formation of school districts," authorizes their direct creation by special act. (P. 440.)

**4. Same—City Included in District.**

The creation of an independent school district by act of the Legislature is not made invalid by the fact that it includes, within larger limits, an incorporated city. (P. 440.)

QUESTION CERTIFIED by the Court of Civil Appeals for the First District, in an appeal from Victoria County.

*J. V. Vandenberge*, for appellant.—The Legislature is without authority to pass a local or special law (1) regulating the affairs of school districts; (2) creating officers or prescribing the duties and powers of officers in school districts; (3) regulating the management of public schools, the building or repair of school houses, and the raising of money for said purposes, without the local notice by publication required in all cases of special legislation. Const., art. 3, secs. 56, 57.

This act of the Legislature, while ostensibly validating a former corporation, in effect creates a new one. That it is a special and local law can not be successfully gainsaid. That it falls within the prohibition of the section of the Constitution referred to is apparent. Does article 7, section 3, of the Constitution, as amended in 1883, remove this bar? The relevant portion thereof is as follows: "The Legislature may also provide for the formation of school districts within all or any of the counties of this State, by general or special law, without the local notice required in other cases of special legislation." Does this section repeal the former by implication? I think not, and believe that it is easily susceptible of such a construction that both may stand. Taking the natural and ordinary meaning of its wording, by the latter, authority is only given the Legislature to provide for the manner in which school districts may be formed, and not to form school districts, without legal notice.

The Legislature has no authority to pass any local or special law authorizing the changing of the charters of incorporated cities or villages, without local notice by publication. Const., art. 3, secs. 56, 57.

The general law, title 18, Revised Statutes, entitled "Cities and Towns," gives the city of Victoria the right at any time to assume exclusive control of the public free schools within its limits. Rev. Stats., 1895, art. 4004, et seq. The Act of May 1, 1899, creating the "Victoria Independent School District," gives the officers of this district exclusive control of all schools within the city of Victoria, and additional territory outside. If this latter act be valid, then the city of Victoria has been deprived of its right to assume control of its schools as given by its charter, and its charter to that extent changed and amended. Both of these provisions can not stand together. One must fall.

If it be concluded that section 3 of article 7 of the Constitution, as amended in 1883, authorizes the formation of school districts without local notice, still it can not be held that that provision places every city charter in the State at the mercy of the Legislature, to be changed

at will without notice to the inhabitants whenever school legislation is involved.

There are special sections of this act in question, it is believed, unquestionably unconstitutional, such as those authorizing the issue of bonds, and that authorizing the removal of officers of the corporation, but as they do not affect the validity of the act as a whole, these issues will not be presented.

*Proctors* and *Dabney & Lockett*, for appellees.—The Legislature is empowered by the amendment to the Constitution, adopted in 1883, and controlling previous restrictions, to create a school district within any county "by general or special law, without the local notice required in other cases of special legislation." Const., art. 7, sc. 3, art. 3, sec. 56.

On the contention that the Legislature can only provide the means for the division of a whole county into districts and can not "by general or special law" provide for the formation of one or more districts within a county, see: Rev. Stats., title 86, chap. 15; Rev. Stats., arts. 616a, 3993c.

On the contention that the Legislature can not create districts "by general or special law," but can only provide machinery for the formation of districts at the option of the voters, see: Const., art. 7, sec. 1; Rev. Stats., title 86, chap. 10; Rev. Stats., art. 3993b.

It is within the power of the Legislature, by special or general law, to include any "city or town" which has not taken control of its schools, within a school district, without local notice by publication, and the exercise of this power does not invade any guaranteed right of self-government, nor change the charter of the city. Rev. Stats., title 18, chaps. 1-10, constituting the charter; Rev. Stats., title 86, chap. 16, especially art. 4004; Const., art. 3, sec. 56, clause 10; Const., art. 7, sec. 3.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the First Supreme Judicial District have certified for our decision the following question:

"This is an information in the nature of quo warranto filed in the District Court of Victoria County in the name of the State of Texas by the district attorney for the Twenty-fourth Judicial District against J. M. Brownson and others, claiming to be officers of the 'Victoria Independent School District' under an act of the Twenty-sixth Legislature, approved May 1, 1899 (General Laws, page 151), to oust them from the offices claimed by them and to have said offices declared to be without warrant of law. The court below sustained the demurrer to the information and rendered judgment in favor of the respondents. The sole question of law presented upon the appeal is the constitutionality of the act of the Twenty-sixth Legislature, approved May 1, 1899, chapter 90 of the General Laws passed at the regular session, and that is certified to the Supreme Court for decision." After the

certificate was filed here, the court sent up the following additional statement: "The certificate made in this case on the 14th instant is amended so as to show that the petition alleged that no notice was given as provided by article 3, section 57, of the Constitution, of an intention to apply for the passage of the act in question."

We are of opinion that the Legislature did not exceed its authority in passing the act in question. The legislative department of a State government may make any law not prohibited by the Constitution of the State or that of the United States. Therefore the rule is that in order for the courts to hold an act of the Legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. If the limitation be not express, then it should be clearly implied.

The present Constitution as originally adopted, with but few exceptions, gave the Legislature unlimited power over the distribution and management of the free school fund. Sections 1 to 8 inclusive, of article 7 of that Constitution, relate to the public free schools of the State. Sections 2 and 3 provide what shall constitute the public free school fund. Section 4 makes provision for the sale of the lands belonging to that fund and the investment of the proceeds. Section 5 prescribed what part of the fund should be permanent fund and what should be available for the maintenance of the schools, and prohibited the application of either to any other purpose or to the support of any sectarian school. It also directed that the available fund should "be distributed to the several counties according to their scholastic population and applied in (such) manner as may be provided by law." Section 7 provides for separate schools for white and colored children and declares that impartial provision shall be made for both. Section 56 of article 3 prohibited the passage of any local or special law, except as otherwise provided by the Constitution, "regulating the affairs of counties, cities, towns, wards, or school districts." Section 10 of article 11 declares that "the Legislature may constitute any city or town a separate and independent school district," and authorizes the levy of a local tax for the support of the same, under certain restrictions. This grant of power was probably conferred in view of the restriction upon local and special legislation mentioned above; for in the absence of that restriction, it seems to us no such grant was necessary.

In 1883 an amendment of section 3 of article 7 was adopted by a vote of the people, which, among other provisions, contained the following: "And the Legislature may also provide for the formation of school districts within all or any of the counties of this State, by general or special law, without the local notice required in other cases of special legislation." Four Legislatures had assembled under the Constitution when this amendment was submitted to the popular vote; and it seems obvious that, when submitted, it was considered that under the then existing limitations upon the Legislature with reference to the public schools, the varied needs of special localities could not be met and that

the purpose of the provision quoted was to give the Legislature a free hand in establishing independent school districts. Being the last expression of the will of the people, any provisions of the Constitution previously existing must, if in conflict, yield to it. We do not see that there were any save that as to special and local legislation, if that be one, and that restriction is expressly removed. But it is argued that the language, "the Legislature may provide for the formation of school districts," does not authorize them to create directly a school district. But we do not concur in this proposition. It is clear that the provision was intended to empower the Legislature to establish separate school districts, and in order to provide for them they must first be created. We see no reason why they might not be created by direct act of the Legislature, just as a city government may be created in our State for any city having ten thousand inhabitants or more. The fact that the Legislature was empowered to act by special law shows that it was contemplated that it might be desirable to pass an act creating one district only. The separate school district in question was provided for when the Legislature fixed the limits of the territory and declared that it should constitute an independent district and provided a governing board for the management of its affairs.

The act in question includes within the territory of the district the city of Victoria; but we are of opinion that the inclusion of a town or city with contiguous territory in one district is not prohibited by the Constitution. The provision quoted from section 10 of article 11 is clearly permissive only and does not make it the duty of the Legislature to constitute every incorporated town or city a separate school district. This provision would hardly have been inserted if amended section 3 of article 7 had been a part of the original instrument. Under the amendment, the Legislature clearly has the power to make a city or town an independent district, even had there been no express provision to that effect. Therefore the express provision, although not repealed, is practically superseded by the amendment.

Our opinion is that the act in question is valid, and it will be so certified.