**HOUSTON et al. v. GONZALES INDEPENDENT SCHOOL DIST.** (No. 187–3212.)

(Commission of Appeals of Texas, Section A. March 30, 1921.)

1. **Statutes ⬥8½(1) — Legislature may by special act without notice create independent school district.**

Though the incorporated city of Gonzales had assumed control of the public schools under the general laws and become a taxing district as authorized by Const. art. 11, § 10, the Legislature may nevertheless under article 7, § 3, provide for formation of school district by local law without notice and create a special school district including the city without notice of intention to apply for the local or special law as required by article 3, § 57.

2. **Constitutional law ⬥278(2)—Creation of special district taking title to school property formerly in city not a deprivation of property without due process.**

Sp. Laws (1st Call. Sess.) 1913, c. 14, creating the Gonzales independent school district, which included the incorporated city of Gonzales, and passing title to school property heretofore vested in the city, is not invalid, as working a deprivation of property without due process of law, for the beneficial title of the property at all times is in the people.

3. **Schools and school districts ⬥101—District formed by inclusion of city cannot "tax" additional lands at a rate in excess of those within city.**

Where, by Sp. Laws (1st Call. Sess.) 1913, c. 14, creating the Gonzales independent school district, which included all of the lands within the city of Gonzales as well as additional territory, school property in the city of Gonzales passed to the new district subject to a necessary tax of 17 cents per $100 to satisfy bonds issued by the city under authority of Rev. St. 1911, art. 924, held, that the 17-cent tax was a tax within Const. art. 7, § 3, and as the taxing power of the city was restricted by article 8, § 9, to 25 cents for city purposes and 25 cents for the erection of public buildings, the district could not levy taxes up to the 40-cent limit authorized, but was restricted to 33 cents, for the levy of 40 cents in addition to 17 cents would exceed the constitutional limit, and to tax the lands outside the city at 40 cents and those inside at 50 cents would result in unequal and disproportionate taxation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax—Taxation.]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Gonzales Independent School District against W. B. Houston, and, defendant having died, the executors of his estate, J. D. Houston and Julia A. Matthews, were made parties defendant. A judgment for plaintiff was affirmed by the Court of Civil Appeals (202 S. W. 963), and defendants bring error. Judgment of trial court reformed, and as reformed affirmed.

T. F. Harwood, of Gonzales, for plaintiffs in error.

Rainbolt & Midkiff, of Gonzales, for defendant in error.

SPENCER, J. Defendant in error, the Gonzales independent school district, sued W. B. Houston to recover taxes for the year 1914, which the district had levied and assessed against a tract of Houston's land situated within the district, but outside the city limits of the city of Gonzales. W. B. Houston having died, Julia A. Matthews and J. Dunn Houston, independent executrix and independent executor, respectively, plaintiffs in error here, made themselves parties to the suit, and adopted the answer of W. B. Houston.

On March 6, 1873, the Legislature, by special act (Sp. Acts 13th Leg. c. 17), granted a charter to the city of Gonzales, defining its powers and fixing its limits; and while operating under this charter the city council on August 4, 1880, in pursuance with the requirements of article 340 of the Revised Civil Statutes of 1879, passed an ordinance

accepting the provisions of the Revised Civil Statutes of 1879, tit. 17, with the same boundaries as fixed by the charter.

As a result of an election held April 13, 1885, as permitted by article 3781 of the Revised Civil Statutes of 1879, the city of Gonzales assumed control of the public free schools within its limits and by such action became, in virtue of article 3788 of the Revised Civil Statutes of 1879, a separate school district. The schools were placed under the supervision of a board of trustees, and these trustees and their successors continued to manage the affairs of the district until the Legislature by special act created the Gonzales independent school district, and included within its boundaries all the lands included within the limits of the city of Gonzales and additional lands aggregating 24,086 acres. Acts 33d Legislature, First Called Session, Special Laws, chapter 14.

While the city of Gonzales was in control of the public free schools, bonds in various amounts were from time to time issued, some of which are still outstanding as an indebtedness against the original district. A tax of 17 cents upon the $100 valuation of property subject to taxation within the original district is necessary to be levied and collected to discharge this bonded indebtedness. A tax of 17 cents upon the $100 valuation of taxable property was levied by the city council of the city of Gonzales for the years 1915 and 1916, against the property of the old district to take care of the bonded indebtedness, and in addition the board of trustees of the new district levied a maintenance tax of 40 cents on the $100 valuation of taxable property in the entire district.

Plaintiffs in error defended the action and sought to restrain the collection of the taxes thus levied and to prevent future levies, upon the grounds: (1) That the special act of the Legislature creating the new district was invalid, in that as the city of Gonzales had assumed control of its schools—thereby becoming a taxing district in virtue of article 11, § 10, of the Constitution, and the General Laws of the state—it was protected by article 3, § 56, of the Constitution, from regulation by local or special law, without constitutional notice, it being admitted that no notice of the intention to apply for the passage of the special act was ever given; (2) that the provision of the special act divesting the city of Gonzales of all title and right to all property owned, held, or in any way dedicated to the use of the public schools of the city of Gonzales, and investing same in a board of trustees of the Gonzales school district and their successors in office, was the deprivation of property of the city without due process of law; and (3) that the levy of a tax of 40 cents on the $100 valuation of taxable property in the entire new district added to the 17 cents levied against the property in the old district resulted in the lack of uniformity of taxation, and also exceeded the limit of 50 cents on the $100 valuation of taxable property provided for by article 7, § 3, of the Constitution.

In a trial before the court without a jury, judgment was rendered in favor of the district for the taxes for the year 1914, and denying plaintiffs in error the injunctive relief sought in their cross-action. Upon appeal the judgment of the district court was affirmed. (Civ. App.) 202 S. W. 963.

[1] The special act creating the Gonzales school district was passed subsequent to the adoption, and in pursuance, of article 7, § 3, of the Constitution, which reads, in part:

" * * * And the Legislature may also provide for the formation of school districts by general or special law, without the local notice required in other cases of special legislation; and all such school districts, whether created by general or special law, may embrace parts of two or more counties."

The Legislature is authorized by this provision to create independent school districts by special law without the notice of the intention to apply therefor, required for local laws by article 3, § 57, of the Constitution. State of Texas v. Brownson, 94 Tex. 436, 61 S. W. 114. There is nothing in article 7, § 3, which expressly declares, or by fair implication warrants the deduction, that the Legislature is permitted to create school districts by special law only where none had previously existed and is prohibited from incorporating into such districts existing bonded districts. The Court of Civil Appeals for the First District held that the Legislature had authority to create such districts by special act without local notice, and that such authority carried with it the right to annex added territory, abolish the old district, provide for the payment of its bonded indebtedness, and dispose of its property. Eagle Lake Ind. School Dist. v. Hoyo (Civ. App.) 199 S. W. 352, writ of error denied 208 S. W. xvi.

[2] The provision of the special act divesting the city of Gonzales of all title and right to all property owned, held, set apart, or in any way dedicated to the use of the public schools of the city of Gonzales, and vesting the same in a board of trustees of the Gonzales independent school district and their successors in office, is not the deprivation of property without due process of law, but is legislation compatible with a republican form of government. The beneficial title to the property of the Gonzales school district as originally formed was in the people thereof—the mayor merely holding the same in trust for the sole use of the public schools—and the Legislature could, without in any wise disturbing such title, change the trustees, as was done by the special act. Attorney General Kies ex rel. v. Lowry, 199 U. S. 233, 26 Sup. Ct. 27, 50 L. Ed. 167; Pass School Dis-

trict of Los Angeles v. Hollywood School District of Los Angeles, 156 Cal. 416, 105 Pac. 122, 26 L. R. A. (N. S.) 485, 20 Ann. Cas. 87.

[3] Plaintiffs in error contend that even though the special act creating the Gonzales independent school district is valid, if the independent district is permitted to collect the 40-cent tax levied by it, and the city an additional 17 cents, the constitutional limit of 50 cents (article 7, § 3) will be exceeded.

Defendant in error claims that the 17-cent tax was levied by authority of article 8, § 9, of the Constitution, and is not a school tax within the meaning of article 7, § 3, and should not be computed in conforming to the 50-cent limitation; and further contends that to hold it a school tax would result in a limitation upon the taxing power of the city for building purposes, and upon the district for school purposes.

The city derived its power to create this bonded indebtedness, not from article 8, § 9, but from article 924 (485), Revised Civil Statutes 1911 (Acts 1885, p. 99); the provision of the Constitution is not a grant of power, but a limitation of it.

Article 8, § 9, reads:

" * * * And no county, city or town shall levy more than twenty-five cents for city or county purposes, * * * and for the erection of public buildings, streets, severs, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided."

The Supreme Court in the case of Mitchell County v. Bank, 91 Tex. 361, 43 S. W. 880, in construing the foregoing provision, said:

" * * * Section 9 confers no authority upon any officer of a city or county to levy a tax for any purpose, but by the language 'no county, city or town shall levy more than one-half of said state tax, * * * and for the erection of public buildings not to exceed fifty cents on the one hundred dollars in any one year,' places a prohibition of limitation upon the power of the Legislature to authorize counties to impose taxes for such purposes."

It cannot be doubted, we think, that the 17 cents is a tax within the meaning of article 7, § 3, and must be considered by the taxing power of the school district in making levies within constitutional limits.

The old district was, by virtue of the special act, merged into the new. Although the new district did not assume the bonded indebtedness of the old, it received the property of the old district for taxing purposes charged with a tax of 17 cents necessary to pay the interest on such indebtedness and to create a sinking fund to pay same at maturity. The levy being a tax for school purposes within the meaning of article 7, § 3, must be considered by the trustees of the independent district in levying the tax herein.

The bonded indebtedness being for school purposes, the 17-cent tax levy necessary to pay the interest thereon and provide a sinking fund to retire same at maturity is a limitation upon the taxing power of the district, but not a limitation upon the taxing power of the city of Gonzales for building purposes. The combined levy of the 40-cent tax and the 17-cent tax is therefore 7 cents in excess of the constitutional limit. So long as the bonded indebtedness of the old district remains undischarged, and the constitutional limit of 50 cents remains in force, the uniformity of taxation required by the Constitution can be maintained only by a levy of not to exceed 33 cents upon the $100 valuation upon the taxable property comprising the added territory, and this levy must be uniform throughout the entire new district. If, under the prevailing constitutional tax limit, more than 33 cents be levied upon the property comprising the added territory and the property within the old district be taxed not to exceed the 50-cent limit, the property in the added territory would be unequally taxed and disproportionately burdened—which is not permissible.

We recommend that the judgment of the trial court permitting defendants in error to recover for the delinquent taxes for the year 1914 be reformed so that the total amount collected for that year may not exceed 33 cents on the $100 valuation of plaintiffs in error's property within the limits of the added territory; that plaintiffs in error are entitled to an injunction against the school board and its board of trustees and agents restraining the collection of any tax for the years 1915 and 1916 in excess of 33 cents on the $100 valuation of taxable property owned by plaintiffs in error situated within the added territory; and that said injunction should also restrain defendants in error—so long as the bonded indebtedness of the old district remains undischarged, and the constitutional restriction of 50 cents remains in force—from hereafter levying and collecting any tax in excess of 33 cents upon the $100 valuation of taxable property of plaintiffs in error within the added territory, and from levying and collecting taxes upon the taxable property of the plaintiffs in error situated within the old district in excess of the constitutional limit of 50 cents on the $100 valuation.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.