**COUNTY SCHOOL BOARD OF ANGELINA COUNTY et al. v. HOMER COMMON SCHOOL DIST. et al. (No. 1493.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1927. Rehearing Denied Feb. 23, 1927.)

Schools and school districts ⟨key⟩22—Legislature could empower trustees to organize rural high school by annexing common school districts, as legislative power regarding school districts is plenary (Rev. St. 1925, arts. 2922a–2922*l*; Const. art. 7, § 3, and art. 11, § 10).

Rev. St. 1925, arts. 2922a–2922*l*, giving county board of school trustees authority to form one or more rural high school districts by grouping contiguous common school districts, *held* not beyond power of Legislature, in view of Const. art. 7, § 3, giving Legislature plenary power with reference to creation of school districts, which power may be vested by Legislature in school trustees, notwithstanding article 11, § 10, provides Legislature may constitute any city or town separate and independent school district.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by the Homer Common School District No. 15 of Angelina County and others against the County School Board of Angelina County and others. Order denying a motion to dissolve a temporary writ of injunction, and defendants appeal. Reversed, and writ of injunction dissolved and set aside.

Collins & Collins and Curtis W. Fenley, all of Lufkin, for appellants.

Tom F. Coleman, of Lufkin, for appellees.

HIGHTOWER, C. J. The appellees in this case, Homer common school district No. 15 of Angelina county, and J. F. Courtney, I. M. Williams, and J. F. Middleton, resident tax-paying citizens of said school district, filed in the district court of Angelina county their petition for an injunction against the appellants, the county school board of Angelina county, board of trustees of the Huntington independent school district of that county, and W. A. O'Quinn, the county superintendent of schools, for the purpose of enjoining appellants from in any manner exercising control and supervision of the Huntington independent school district as created into a rural high school district by an order made by the county school board of trustees on April 2, 1926. That order created a rural high school district in Angelina county by annexing Lalla Hill, Homer, and Retrieve common school districts in the county to the Huntington independent school district for high school purposes only. In making this order, the county school board of trustees acted under and by virtue of the authority conferred upon that board by articles 2922a to 2922*l*, inclusive, of chapter 19A of the Revised Civil Statutes of Texas (1925). It is admitted by the parties to this appeal that the county board of school trustees, in creating and organizing said rural high school district, complied in all particulars with the requirements of the articles of the statute just above mentioned.

The petition for injunction was presented to Hon. C. A. Hodges, Judge of the Second Judicial District, and he granted the prayer of appellees for a temporary injunction, restraining and enjoining appellants in all respects as prayed for by the appellees. Thereafter, appellants filed their answer and along with it their motion to dissolve the tempo-

---

rary writ of injunction, and the motion was set down for hearing by the district judge, and after hearing the motion was denied. From that order appellants duly prosecuted this appeal.

Upon the request of appellants therefor, the trial judge prepared and filed findings of fact and conclusions of law.. Appellants make no attack upon any finding of fact, made by the trial judge, and, indeed, the facts are wholly without dispute. It is unnecessary, in disposing of the one legal question involved, to here set out the findings of fact, and it will suffice to say that such findings of fact show that appellants strictly complied in every particular with the requirements of our statutory law, as embraced in articles 2922a to 2922l, inclusive, of chapter 19A of the Revised Civil Statutes of Texas (1925), in creating and organizing the rural high school by annexing the several common school districts named above to the Huntington independent school district, and the only question presented for our consideration is whether the Legislature of this state was prohibited by the Constitution of this state from conferring upon appellants the authority to create the rural high school in question as it did. This authority the Legislature undertook to confer by articles 2922a to 2922l, inclusive, of chapter 19A of the Revised Civil Statutes of 1925.

In denying the motion to dissolve the temporary injunction, the trial judge concluded that the Legislature was inhibited, by the Constitution of this state, from conferring upon the county school authorities of Angelina county authority to create the rural high school in question by annexing to the Huntington independent school district the above-named common school districts. The trial court held · that the Legislature's attempt to confer such authority was violative of section 3, art. 7, and section 10, art. 11, of the Constitution of this state, and held. in effect, that only the Legislature itself could have created or constituted the rural high school district in question.

Section 3, art. 7, of the Constitution, in so far as applicable here, reads as follows:

"* * * And the Legislature may also provide for the formation of school districts by general or special law, without the local notice required in other cases of special legislation; and all such school districts, whether created by general or special law, may embrace parts of two or more counties. And the Legislature shall be authorized to pass laws for the assessment and collection of taxes in all said districts, and for the management and control of the public school or schools of such district, whether such districts are composed of territory wholly within a county or in parts of two or more counties."

By section 10, art. 11, of the Constitution, in so far as applicable here, it is provided:

"The Legislature may constitute any city or town a separate and independent school district. And when the citizens of any city or town have a charter, authorizing the city authorities to levy and collect a tax for the support and maintenance of a public institution of learning, such tax may hereafter be levied and collected, if, at an election held for that purpose, two-thirds of the taxpayers of such city or town shall vote for such tax."

In the case of McPhail et al. v. Tax Collector of Van Zandt County et al.; 280 S. W. 263, the Dallas Court of Civil Appeals, speaking through Mr. Justice Looney, construing section 3, art. 7, of our Constitution, among other things, said:

"This provision of the Constitution vests the Legislature with plenary power with reference to the creation of school districts. The Supreme Court in the case of State v. Brownson, 94 Tex. 436, 61 S. W. 114, in ·construing this language of the Constitution, held that it gave to the Legislature a 'free hand' in establishing school districts."

If, as concluded by our Supreme Court in State v. Brownson, supra, the Legislature of this state was given a "free hand" by section 3, art. 7, of our Constitution, in establishing school districts, then it must follow that, whatever be the method or means adopted or provided by the Legislature for the establishment of such districts, such means and methods cannot be held to be violative of the Constitution.

But it is insisted by the able counsel for the appellees in this case that section 10, art. 11, of the Constitution, being a subsequent article, must be construed to have the effect to limit section 3 of article 7. ·Counsel for appellee contend that this language, contained in section 10 of article 11, "The Legislature may constitute any city or town a separate and independent school district," clearly means and should be held by this court to mean that only the Legislature itself can create or constitute an independent school district which embraces a city or town, and that the Legislature, by that section and article, by clear implication, is prohibited from delegating authority to any board or agency to create such an independent school district. The sole reason advanced for this contention by counsel for appellees is that section 10, art. 11, being a subsequent provision contained in the Constitution to that of section 3, art. 7, and limiting, as counsel contends, the authority conferred upon the Legislature by section 3, art. 7, it must be held that it was the intention of the framers of the Constitution, in section 10, art. 11, to confer upon the Legislature itself the right to create an independent school district which embraces a city or town, and to take away from the Legislature the broad or general authority that it would have, under section 3, art. 7, standing alone, to con-

fer upon a county board or other agency the authority to create such a school district.

We are thoroughly convinced, after careful reading of the authorities, that the learned counsel for appellees in this case are wrong in this contention, and that the Legislature of this state had full and ample authority, under the Constitution, section 3, art. 7, to enact the legislation, in compliance with and under authority of which the appellants in this case proceeded to create and did create the high school district in question. If the holding of our Supreme Court in State v. Brownson, supra, is not express authority for this conclusion on our part, it is unquestionably so by the strongest analogy. See, also, Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264.

Believing, as we do, that the above authorities clearly sustain the contention of appellants in this case, the judgment of the trial court, refusing to dissolve the temporary injunction granted by him in this case, is reversed, and it is the order and judgment of this court that the temporary writ of injunction, granted by the trial court, be dissolved and set aside. It is so ordered.