OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 19, 2001

The Honorable Cheryll Mabray
Llano County Attorney
P.O. Box 821
Llano, Texas 78643

Opinion No. JC-0392

Re: Whether, under section 776.019 of the Health and Safety Code, a commissioners court that orders an election to create an emergency services district that will overlap with a rural fire prevention district is limited to ordering an election to authorize the levy of a two percent ad valorem tax (RQ-0352-JC)

Dear Ms. Mabray:

Section 776.019 of the Health and Safety Code requires a commissioners court, upon granting a petition for creation of an emergency services district, to order an election to confirm the creation of the district and to authorize the levy of an ad valorem tax. You ask, in essence, whether a commissioners court that orders an election to create an emergency services district that will overlap with a rural fire prevention district is limited to ordering an election authorizing the levy of a tax not to exceed "two cents on each $100 of the taxable value of property taxable by the district" under subsection (a)(2) of that provision or whether, at least in some parts of the county, it may order an election authorizing the levy of a tax not to exceed "10 cents on each $100 of the taxable value of property taxable by the district" under subsection (a)(1). *See* TEX. HEALTH & SAFETY CODE ANN. § 776.019(a) (Vernon 1992). We conclude that when a proposed emergency services district will overlap with a rural fire prevention district, the commissioners court is limited to ordering an election to authorize the levy of a tax as provided in subsection (a)(2). The election throughout the proposed emergency services district must be to authorize the levy of a tax not to exceed "two cents on each $100 of the taxable value of property taxable by the district." *Id.* § 776.019(a)(2).[1]

We understand that the Llano County Commissioners Court is considering a petition for the creation of a countywide emergency services district. There are currently two rural fire prevention districts located within the county. You state that they "encompass separate areas within the county,

---

[1]Recently enacted legislation, House Bill 2744, amends Health and Safety Code, section 776.019(a). *See* Tex. H.B. 2744, 77th Leg., R.S. (2001). The Governor signed the bill on June 15, 2001. Subsection (a)(2) will be repealed and subsection (a) will be significantly revised when this bill becomes effective on September 1, 2001.

but . . . do not cover the entire county. Each of these fire prevention districts currently has taxing authority up to three cents on each $100 of the taxable value of property" within the district.[2]

You inform us that these rural fire prevention districts were created pursuant to article III, section 48-d of the Texas Constitution and section 794.018 of the Health and Safety Code. Section 48-d authorizes the legislature to provide for the creation of rural fire prevention districts and "to authorize a tax on the ad valorem property situated in said districts not to exceed Three (3¢) Cents on the One Hundred ($100.00) Dollars valuation for the support thereof." TEX. CONST. art. III, § 48-d(a). Under section 794.018 of the Health and Safety Code, the ad valorem tax supporting a rural fire prevention district is limited to "three cents on each $100 of the taxable value of property taxable by the district." TEX. HEALTH & SAFETY CODE ANN. § 794.018(a)(1) (Vernon Supp. 2001). In Harris County, the tax may not "exceed Five (5¢) Cents on the One Hundred ($100.00) Dollars valuation for the support of the district." TEX. CONST. art. III, § 48-d(b); see also TEX. HEALTH & SAFETY CODE ANN. § 794.018(a)(2) (Vernon Supp. 2001).

Your questions pertain to the creation of an emergency services district under section 48-e of article III, which provides as follows:

> Laws may be enacted to provide for the establishment and creation of special districts to provide emergency services and to authorize the commissioners courts of participating counties to levy a tax on the ad valorem property situated in said districts not to exceed Ten Cents (10¢) on the One Hundred Dollars ($100.00) valuation for the support thereof; provided that no tax shall be levied in support of said districts until approved by a vote of the qualified voters residing therein. Such a district may provide emergency medical services, emergency ambulance services, rural fire prevention and control services, or other emergency services authorized by the Legislature.

TEX. CONST. art. III, § 48-e. The legislature has enacted two statutory schemes for the creation of emergency services districts, chapters 775 and 776 of the Health and Safety Code. Your questions pertain to creation of a district under chapter 776, which applies to counties with a population of 125,000 or less. See TEX. HEALTH & SAFETY CODE ANN. § 776.003 (Vernon 1992).

You specifically ask about section 776.019, which provides in pertinent part as follows:

> (a) On the granting of a petition [for the creation of an emergency services district], the commissioners court shall order an election to

---

[2]Letter from Honorable Cheryll Mabray, Llano County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (Feb. 21, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

confirm the district's creation and authorize the levy of a tax not to exceed:

> (1) 10 cents on each $100 of the taxable value of property taxable by the district; or
>
> (2) two cents on each $100 of the taxable value of property taxable by the district if any area in the district is also included in a rural fire prevention district.

*Id.* § 776.019.

Your questions are as follows:

> 1. Does the statutory language of Section 776.019(a)(2) permit a county commissioners court to order an election limiting the taxing authority of an Emergency Service District to two cents on each $100 of the taxable value of property taxable by the district, or does it require the commissioners court to do so?
>
> 2. In either case, would the taxable property subject to the two cent limitation be only that lying within the rural fire prevention district, or would this limitation apply to all property within a proposed county-wide Emergency Service District?
>
> 3. If the statutory language of Section 776.019 either permits or requires a county commissioners court to order an election limiting the taxing authority of an Emergency Service District to two cents on each $100 of the taxable value of any property taxable by the district, is the provision unconstitutional in that it conflicts with Texas Constitution, Article III, Section 48-e, which appears to limit the Legislature's authority only to authorizing affected commissioners courts to impose a tax "not to exceed Ten Cents (10 cents) on the One Hundred Dollars ($100.00) valuation"?

Request Letter, *supra* note 2, at 2.

We answer your first two questions together. You ask, in essence, whether section 776.019(a) limits the Llano County Commissioners Court to ordering an election to authorize the levy of a tax not to exceed two cents on each $100 of the taxable value of property taxable by the district or whether the Court may order an election to authorize the levy of a higher tax in some or all parts of the county. We conclude that section 776.019(a) limits the Llano County Commissioners Court to ordering an election to authorize the levy of a tax not to exceed two cents on each $100 of

the taxable value of property taxable by the district and that this limitation on the tax rate applies throughout the proposed district.

In construing section 776.019(a), we are guided by the legal principle that "[t]he power to tax belongs to the sovereignty. It can only be exercised by a subordinate corporate body when delegated to it either by the Constitution or by the legislature . . . ." *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940). As a result, "such power cannot exist by implication. A political subdivision of a state . . . has no inherent power to levy taxes, and if the power exists at all, it must be expressly granted." *Ripley v. Trinity River Canal & Conservancy Dist.*, 88 S.W.2d 752, 756 (Tex. Civ. App.–Dallas 1935, writ ref'd) (cited with approval in *Mann*, 142 S.W.2d at 948-49). Given that the power to tax must be expressly granted, it follows that a statute conferring the power to tax "'is to be strictly construed, and must be closely followed.'" *Mann*, 142 S.W.2d at 948 (citation omitted).

Whereas subsection (a)(1) of section 776.019 generally provides for an election to authorize the levy of a tax not to exceed ten cents on each $100 of the taxable value of property taxable by the district, subsection (a)(2) of that statute provides that a commissioners court shall order an election to confirm the district's creation and authorize the levy of a tax not to exceed "two cents on each $100 of the taxable value of property taxable by the district *if any* area in the district is also included in a rural fire prevention district." TEX. HEALTH & SAFETY CODE ANN. § 776.019(a)(2) (Vernon 1992) (emphasis added). The subsection (a)(2) limitation on the tax rate is triggered if any area in the proposed emergency services district is also included in a rural fire prevention district. On its face, this limitation applies throughout the district. There is no provision in the statute or elsewhere in chapter 776 for ordering the election to approve a tax with varying rates in different areas of the district depending upon whether a particular area is also included within a rural fire prevention district. Nor does any provision in chapter 776 contemplate the levy and collection of such a tax. The power to order an election to confirm the levy of a variable tax may not be implied. Accordingly, we conclude that, when a proposed emergency services district will overlap with a rural fire prevention district, the commissioners court is limited to ordering an election to authorize the levy of a tax not to exceed two cents on each $100 of taxable property. The commissioners court may not order an election authorizing the levy of a tax with varying rates in different areas of the proposed district.

You also ask about the constitutionality of section 776.019. You suggest that section 776.019 is unconstitutional given that, in your words, article III, section 48-e "limit[s] the Legislature's authority only to authorizing affected commissioners courts to impose a tax 'not to exceed Ten Cents (10 cents) on the One Hundred Dollars ($100.00) valuation.'" Request Letter, *supra* note 2, at 2. You appear to believe that under section 48-e the legislature is limited to enacting legislation authorizing a ten cent tax. We disagree.

Counties and special districts' authority must be express or necessarily implied from their express powers. The legislature, however, is not subject to the same constraints. Unlike counties and special districts, which must look to statutes and the constitution for grants of authority, the

legislature need only look to the constitution for express and implied limitations on its authority. That is because our state legislature is vested with the lawmaking power of the people by virtue of article III, section 1 of the Texas Constitution. *See* TEX. CONST. art. III, § 1 ("The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas'"). As this is the source of the legislature's power, its authority is said to be plenary, its extent "limited only by the express or implied restrictions thereon contained in or necessarily arising from the Constitution itself." *Government Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 563 (Tex. 1963) (citing *State v. Brownson*, 61 S.W. 114 (Tex. 1901)).

Article III, section 48-e provides that "[l]aws may be enacted to provide for the establishment and creation of special districts to provide emergency services and to authorize the commissioners courts of participating counties to levy a tax on the ad valorem property situated in said districts *not to exceed* Ten Cents (10¢) on the One Hundred Dollars ($100.00) valuation for the support thereof." TEX. CONST. art. III, § 48-e (emphasis added). This provision, in using the words "not to exceed," sets an upper limit on the ad valorem tax. It neither expressly nor impliedly limits the legislature to enacting laws authorizing only a ten cent tax, nor does any other constitutional provision. Accordingly, we conclude that section 48-e permits the legislature to enact laws authorizing the levy of a lesser tax. Section 776.019(a)(2), limiting the tax in an emergency services district that includes territory within a rural fire prevention district to two cents on each $100 of the taxable value of property taxable by the district, is constitutional.

We note that you cite Attorney General Opinion JM-1010, which construed the statutory predecessor to chapter 775 of the Health and Safety Code, in support of your constitutional argument. In that opinion, this office addressed whether a commissioners court had the option of asking the voters to approve a lesser tax. The opinion concluded that a commissioners court lacked such authority under the statutory scheme. The opinion is equivocal about whether article III, section 48-e permits the legislature to authorize or require the levy of a tax of less than ten cents on each $100 of taxable property. *See* Tex. Att'y Gen. Op. No. JM-1010 (1989) at 3 n.2. Attorney General Opinion JM-1010 fails to recognize the difference between the limited authority of a county or special district to tax and the plenary authority of the legislature to enact laws. To the extent that JM-1010 suggests that article III, section 48-e limits the authority of the legislature to provide for the levy of a tax of less than ten cents, it is overruled.

## S U M M A R Y

In a county with a population of 125,000 or less, *see* TEX. HEALTH & SAFETY CODE ANN. § 776.003 (Vernon 1992), when a proposed emergency services district will overlap with a rural fire prevention district, the commissioners court is limited to ordering an election to authorize the levy of a tax not to exceed "two cents on each $100 of the taxable value of property taxable by the district," *id.* § 776.019(a)(2). This limitation does not violate article III, section 48-e of the Texas Constitution.

To the extent that Attorney General Opinion JM-1010 (1989) suggests that article III, section 48-e limits the authority of the legislature to provide for the levy of a tax of less than ten cents, it is overruled.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee