ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 9, 2008

The Honorable Chris G. Taylor
Tom Green County Attorney
122 West Harris Avenue
San Angelo, Texas 76903

Opinion No. GA-0643

Re: Whether the conduct of a constable implicates the resign-to-run provisions of article XVI, section 65 of the Texas Constitution  (RQ-0665-GA)

Dear Mr. Taylor:

You ask whether the conduct of a particular constable implicates the resign-to-run provisions of article XVI, section 65 of the Texas Constitution.[1]  Under article XVI, section 65, holders of certain offices, including constables, automatically resign their positions if they announce their candidacy or become a candidate in fact for any other elected office, unless the unexpired portion of the current term is one year or less. *See* TEX. CONST. art. XVI, § 65(a)–(b).

## I.     Background and Questions Asked

You provide the following "reported facts" regarding the constable's conduct:

1.     On September 5, 2007, [the constable] filed with the Elections Administration office a document for the appointment of a campaign treasurer by a candidate. The blank entitled "Office Held" was filled with the words, "Constable, Pct. 1, Tom Green County, Texas." The blank entitled "Office Sought" was filled in with the words, "County Commissioner, Pct. 1, Tom Green County." . . . .

2.     The Tom Green County Democratic Club [the "Club"] newsletter for September of 2007 featured a notice of [the constable's] upcoming appearance, . . . stating: "[The constable] has an important announcement to make." . . . .

---

[1] *See* Letter from Honorable Chris G. Taylor, Tom Green County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Jan. 8, 2007) (on file with the Opinion Committee, *also available at* http://www .texasattorneygeneral.gov) [hereinafter Request Letter].

3.  [The constable] appeared at the . . . Club's September 10, 2007 meeting . . . and spoke to the group, handing out a flier entitled "We, The People" containing the words, "I want to bring my leadership, my values, and my experience of sixteen (16) years as a . . . (Constable) to the Tom Green County Commissioners Court." . . . .

4.  At that same [Club] meeting outside the meeting room [the constable] appeared in a videotaped interview making references to "my campaign." The video was broadcast on . . . one of the local television stations, but the sound portion was deleted, with the video portion serving as a background for the broadcaster's announcement that [the constable] had announced his candidacy for the commissioner's position at the meeting. . . .

5.  The minutes from the [Club] contain the entry: "[The constable] was the speaker. He will be running for Tom Green County Commissioner in Precinct One."

6.  A candidate/officeholder campaign report signed by [the constable] covering the dates of September 5, 2007 through November 5, 2007 again lists in the blank for "office held" as "Constable . . ." and "office sought" as "Exploratory[.]" . . . .

7.  A news article from September 9, 2007 in the online version of the San Angelo Standard-Times newspaper made reference to the [exploratory] committee [but] the source of the information is not given. It states: "[The constable] announced last week that he has formed an exploratory committee—something he has to do because he isn't allowed to file for candidacy until he enters the final year of his term, said Tom Green County Democratic Chair . . . ."

Request Letter, *supra* note 1, at 2–3. The constable's term of office expires December 31, 2008.[2] You inform us that the constable does not dispute the occurrence of the acts and statements described above nor that they occurred when the unexpired term of his office exceeded one year. County Brief, *supra* note 2, at 1. He does dispute, however, that these acts and statements constituted (or were intended to constitute) an announcement of candidacy for the purposes of Texas Constitution article XVI, section 65. Request Letter, *supra* note 1, at 2. Thus, you ask the following two questions:

---

[2]*See* Memorandum of Legal Research, at 1 (attached to Request Letter, *supra* note 1) (on file with the Opinion Committee) [hereinafter County Brief].

(1)    Whether or not a finder of fact could reasonably conclude as a matter of law, that, under the facts presented, [the constable] became a candidate by making a public announcement of candidacy for the office of County Commissioner, Precinct #1 while he still had more than a year to serve in his current office so as to trigger Article XVI, section 65 of the Texas Constitution.

(2)    Whether [Election Code] Section 251.001(1)(A), which exempts the filing of a campaign treasurer appointment from constituting "candidacy" or "an announcement" for the purposes of the automatic resignation provisions of Article XVI, section 65, . . . is unconstitutional.

*Id.* at 1.

## II.    Analysis

### A.    Constitutionality of Election Code Section 251.001(1)(A)

Because the constitutionality of Election Code section 251.001(1)(A) may impact the analysis of your first question, we begin with your second question. Section 251.001(1) of the Election Code defines the term "candidate" for the purposes of title 15 of the Election Code, which governs campaign contributions and expenditures, political reporting, and political advertising. *See* TEX. ELEC. CODE ANN. § 251.001(1) (Vernon Supp. 2007); *id.* tit. 15 (Vernon 2003 & Supp. 2007) (Regulating Political Funds and Campaigns); *see also* Tex. Att'y Gen. Op. No. JC-0249 (2000) at 5 ("It is within the [L]egislature's prerogative to define the term 'candidate' broadly for these purposes."). The statute defines the term as a person who "takes affirmative action for the purpose of gaining nomination or election to public office or for the purpose of satisfying financial obligations incurred . . . in connection with the campaign for nomination or election." TEX. ELEC. CODE ANN. § 251.001(1) (Vernon Supp. 2007). And it includes among various "examples of affirmative action" the "filing of a campaign treasurer appointment, *except that the filing does not constitute candidacy or an announcement of candidacy for purposes of the automatic resignation provisions* of Article XVI, Section 65." *Id.* § 251.001(1)(A) (emphasis added).[3]

Texas Constitution article XVI, section 65 provides in relevant part:

> *If any of the officers named herein* [in section 65(a)] shall *announce their candidacy*, or shall *in fact become a candidate*, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held,

---

[3]Under the Election Code, a candidate may not accept a campaign contribution or make or authorize a campaign expenditure "at a time when a campaign treasurer appointment for the candidate is not in effect." TEX. ELEC. CODE ANN. § 253.031(a) (Vernon Supp. 2007).

at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

TEX. CONST. art. XVI, § 65(b) (emphasis added); *see id.* art. XVI, § 65(a) ("This section applies to the following offices: District Clerks; . . . and Constables."). Automatic resignation under article XVI, section 65 is triggered in either of two ways: when a named officer "announces" candidacy or "in fact becomes a candidate." *See id.* art. XVI, § 65(b); Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2.

You suggest that it could be argued that section 251.001(1)(A) attempts to legislatively negate or control the plain meaning of the article XVI, section 65 term "announce candidacy." *See* County Brief, *supra* note 2, at 5. It has been asserted by some persons in the County that the filing of a campaign treasurer appointment "is so great an evidence of *intent to run for the new office* that the current law should not allow such a filing to be free of the 'resign-to-run' consequences, and that its constitutionality should be questioned on public policy grounds." Request Letter, *supra* note 1, at 2 (emphasis added); *see also* County Brief, *supra* note 2, at 5 ("The public-policy concern . . . is that the filing of such a report is such a public act that it defies credulity to say that such an act should be legally shielded from it[s] obvious proof of intent to achieve candidate status . . . .").

We consider the language of section 251.001(1)(A). Significantly, the statute does not state that a treasurer appointment filing may not be considered as relevant to whether a person has announced a candidacy for office or become a candidate. By its terms, the statute merely precludes the filing by itself to constitute candidacy or announcement of candidacy triggering the automatic resignation provisions of article XVI, section 65. *See* TEX. ELEC. CODE ANN. § 251.001(1)(A) (Vernon Supp. 2007) ("except that the filing does not constitute candidacy or an announcement of candidacy for purposes of the automatic resignation provisions of Article XVI, Section 65").

No court decision or attorney general opinion has addressed the constitutionality of section 251.001(1)(A) or a similar statute. *See, e.g., id.* § 172.021(d) (providing that circulation of a petition for a place on the ballot does not constitute candidacy or an announcement of candidacy for the purposes of article XVI, section 65). In considering the constitutionality of section 251.001(1)(A), we adhere to interpretation principles established by the Texas courts. Any analysis begins with the presumption that a statute is constitutional. *Walker v. Gutierrez,* 111 S.W.3d 56, 66 (Tex. 2003) (citing *Enron Corp. v. Spring Indep. Sch. Dist.,* 922 S.W.2d 931, 934 (Tex. 1996)). The party challenging a statute's constitutionality has the burden of showing that the statute fails to meet constitutional requirements. *Walker,* 111 S.W.3d at 66. When a constitutional provision does not contain an express limitation, a clearly implied limitation on the Legislature's power must be identified in order to hold the statute unconstitutional. *Diaz v. State,* 68 S.W.3d 680, 685 (Tex. App.—El Paso 2000, pet. denied) (citing *State v. Brownson,* 61 S.W. 114 (1901)); *see also Tex. Mun. League Intergovernmental Risk Pool v. Tex. Worker's Comp. Comm'n,* 74 S.W.3d 377, 381

(Tex. 2002) (stating that the Legislature may not authorize an action that the Texas Constitution prohibits).

Article XVI, section 65 does not expressly prohibit the Legislature from providing that certain actions, including the campaign treasurer appointment filing, do not trigger automatic resignation. *See* TEX. CONST. art. XVI, § 65. Thus, we must consider whether the plain meaning of the term "announce their candidacy" impliedly prohibits such legislative action. *See Diaz*, 68 S.W.3d at 685 (in the absence of an express limitation, a reviewing court must identify a clearly implied limitation).

Article XVI, section 65 does not define the term "announce their candidacy" or "announce." And no court has specifically construed this term as used in this or a similar constitutional provision. "Presuming that the language of the Texas Constitution is carefully selected" a court, "construe[s] its words as they are generally understood." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). The generally understood meaning of "announce" is to make a public statement about a fact, occurrence, or intent. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 50 (11th ed. 2005) (defining "announce" as "to make known publicly: PROCLAIM"); THE NEW OXFORD AMERICAN DICTIONARY 63 (2001) (defining "announce" as to "make a public and typically formal declaration about a fact or occurrence or intention"); *see also Smith v. State Lottery Comm'n*, 812 N.E.2d 1066, 1072 (Ind. App. 2004) ("'announce' is defined as 'to give public notice of; make known officially or publicly; deliver news of'" (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY (2002))); Tex. Att'y Gen. Op. No. DM-377 (1996) at 2 ("To 'announce' is 'to deliver news; to make public or official intimation of, to proclaim'" (quoting 1 THE OXFORD ENGLISH DICTIONARY 485 (2d ed. 1989))). Thus, the generally understood meaning of the constitutional language requires a public statement of intent to become a candidate or to run for an office.

A court would likely find that a campaign treasurer appointment filing, by itself, is not a public statement of intent to become a candidate or to run for an office and thus would uphold the constitutionality of section 251.001(1)(A). The Texas Supreme Court construes constitutional and statutory provisions relating to eligibility for office narrowly: "Any constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992) (citing *Brown v. Meyer*, 787 S.W.2d 42 (Tex. 1990)). Applying this maxim, a court would likely read section 251.001(1)(A) narrowly in light of its purpose and operation to avoid ineligibility. First, the section 251.001(1)(A) treasurer appointment filing is required to comply with the state laws regulating political contributions and expenditures. *See* TEX. ELEC. CODE ANN. § 253.031 (Vernon Supp. 2007) ("contribution and expenditure without campaign treasurer prohibited"). Neither section 251.001(1)(A) nor chapter 251 by its terms is enabling law for article XVI, section 65. Second, the treasurer appointment document is filed with the county clerk. *See id.* § 252.005(2) (Vernon 2003) (providing that the treasurer appointment must be filed with the county clerk if the appointment is for a candidacy for a county or precinct office). In the context of chapter 251 and title 15 of the Election Code, the filing is not intended to make a public statement of intent to run for office; nor does it serve this purpose. *See id.* §§ 251.001(1)(A) (Vernon Supp. 2007), 252.005 (Vernon 2003), 253.031 (Vernon Supp. 2007); *see also* 1 TEX. ADMIN. CODE § 20.205(3) (2008) (Tex. Ethics Comm'n, Contents of Candidate's

Campaign Treasurer Appointment) (requiring information to include "the office sought by the candidate making the appointment, *if known*") (emphasis added). Although the filing may be accessible as a public document, the general public does not necessarily see the filing or know about it. Thus, while the filing may be some evidence of a person's intent to run for office, by itself it is not the public statement of candidacy contemplated by article XVI, section 65.

In sum, under the present state of the law, it is unlikely that a party challenging the constitutionality of section 251.001(1)(A) would meet its burden and demonstrate that the treasurer appointment filing is clearly the type of public statement or declaration of candidacy contemplated by article XVI, section 65. *See Walker*, 111 S.W.3d at 66 (stating that a statute is presumed to be constitutional and the party challenging its constitutionality has the burden of showing its unconstitutionality). The assertion that section 251.001(1)(A) is contrary to public policy would be insufficient to overcome the presumption against unconstitutionality and strict construction against office ineligibility. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (stating that "the wisdom or expediency of the law is the Legislature's prerogative," not the court's) (quoting *Smith v. Davis*, 426 S.W. 2d 827, 831 (Tex. 1968))); Request Letter, *supra* note 1, at 2; County Brief, *supra* note 2, at 5 (stating that constitutionality of section 251.001(1)(A) has been questioned on public policy grounds).

## B.    Constable's Conduct

You ask also whether under the facts presented here "a finder of fact could reasonably conclude as a matter of law" that the constable in question "became a candidate by making a public announcement of candidacy." Request Letter, *supra* note 1, at 1. Your question suggests that a person becomes a candidate in fact by announcing his or her candidacy. Article XVI, section 65 is triggered, however, when a person becomes "a candidate in fact" *or* announces his or her candidacy. *See* TEX. CONST. art. XVI, § 65(b); *see also* Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2. In the context of the request letter as a whole, we understand your question to concern the announcement of candidacy for another office.

Relying on the generally understood meaning of the constitutional language, this office has explained that an officer announces candidacy for office by making a written or oral statement from which a reasonable person may conclude that the individual intends, without qualification, to run for the office in question. Tex. Att'y Gen. Op. Nos. GA-0210 (2004) at 2, JC-0249 (2000) at 2; Tex. Att'y Gen. LO-95-071, at 2; *see also* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 50 (11th ed. 2005) (defining "announce" as "to make known publicly: PROCLAIM"); THE NEW OXFORD AMERICAN DICTIONARY 63 (2001) (defining "announce" as to "make a public and typically formal declaration about a fact or occurrence or intention"). Additionally, again based on the generally understood meaning of the constitutionally used term "announce," this office has advised that the statement must be made in a public setting or be otherwise available to the public. *See* Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2 (citing Tex. Att'y Gen. Op. Nos. DM-377 (1966), WW-1253 (1962)). Thus, a statement while certain as to the person's intention to run for an office, but made in a private conversation does not constitute an announcement of candidacy for the purposes of article XVI, section 65. *See* Tex. Att'y Gen. Op. No. GA-0210 (2004) at 2–3 (concluding that a

justice of the peace's private conversation with a reporter that "did not result in any publication of information about the justice of peace's plans" within the requisite time period did not trigger the automatic resignation provisions of article XVI, section 65).

Based on the constitutional language, this office has derived an objective standard to determine whether a person has "announced candidacy" for another office: Whether a reasonable person would conclude from an individual's written or oral statement that the individual intends to run for the office in question.

In response to particular requests, attorney general opinions have considered an undisputed statement regarding candidacy or an act, and advised whether the particular statement or action triggered the automatic resignation provisions of article XVI, section 65 as a matter of law. For instance, an opinion concludes that a person who merely states that he or she would "seriously consider running" for an office if the incumbent resigns has not announced candidacy. *See* Tex. Att'y Gen. LO-95-071, at 2. Similarly, another opinion concludes that "the mere act of seeking a party's executive committee's nomination does not constitute an announcement." Tex. Att'y Gen. Op. No. JC-0249 (2000) at 4; *see also id.* ("[a]ctivity indicating interest in an office that falls short of announcing a candidacy or becoming a candidate in an election does not trigger the resign-to-run provision"). In contrast, opinions have advised that a person who states, without qualification, that he or she will run for a particular office has announced candidacy for the purposes of article XVI, section 65. *See* Tex. Att'y Gen. Op. Nos. DM-377 (1996), WW-1253 (1962).

The circumstances presented here are quite different. The prior attorney general opinions considered a single act or statement regarding candidacy by the officer in question and determined on that basis alone whether the officer did or did not announce his candidacy. In contrast, we are presented with several reported acts and statements that fall short of an unambiguous statement of candidacy shown to have been made by the constable himself. We must determine whether looking at these reported acts and statements, "a finder of fact could reasonably conclude as a matter of law" that the constable announced his candidacy for county commissioner.[4] In the context of a judicial appeal challenging the legal sufficiency of the evidence supporting an adverse trial court finding, "a proposition [is] established as a matter of law when a reasonable finder of fact *could draw only one conclusion* from the evidence presented." *RAJ Partners, Ltd. v. Darco Constr. Corp.*, 217 S.W.3d 638, 648 (Tex. App.—Amarillo 2006, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 814–16 (Tex. 2005)); *accord Innovative Truck Storage, Inc. v. Airshield Corp.*, No. 13-05-743-CV, 2007 WL 1775962, at *5 (Tex. App.—Corpus Christi June 21, 2007, no pet.) (mem. op., not designated for publication); *see also January v. State*, 720 S.W.2d 207, 211 (Tex. App.—Houston [14th Dist.] 1986, no writ) (equating establishment of entrapment as a matter of law with conclusive

---

[4]This office does not find facts or resolve questions of fact; thus, attorney general opinions ordinarily answer only questions that can be answered as a matter of law. *See* Tex. Att'y Gen. Op. No. GA-0459 (2006) at 4–5 (stating that attorney general opinions cannot resolve disputed fact questions); Tex. Att'y Gen. Op. No. GA-0604 (2008) at 5 (concluding that "we cannot answer your second question because it would require us to resolve fact questions"); *see also* County Brief, *supra* note 2, at 1 (stating that because the "Opinion Committee will not make findings of fact, we are proceeding under the assumption that this [fact finder concluding as a matter of law] would be the proper standard").

evidence and stating that upon appellant's failure to establish entrapment "as a matter of law . . . , the case was properly submitted to the finder of fact").[5]

We consider first the reported statements. At the September 10, 2007 Club meeting, the flier the constable distributed expressed the desire to bring his "leadership, values, and . . . experience" to the County Commissioners Court, but it did not state that the constable was a candidate or would run for that office. *See supra* p. 2, reported fact item numbered 3. And it is unclear whether the constable made such a statement on September 10, 2007 during or after his appearance at the Club meeting. *See supra* p. 2, reported fact items numbered 4–5. The local television broadcast and the minutes of the Club meeting state that the constable announced his candidacy for the commissioners court. But whether the broadcast and the minutes accurately reflected the constable's statement remains a question of fact. You explain that your office was unable to verify through interviews that the constable did or did not make that statement at the Club's September 10, 2007 meeting. *See* Request Letter, *supra* note 1, at 2 ("The County Attorney's Investigator interviewed three other individuals [other than the Democratic Party Chair] who stated that although they had also attended the club meeting, they did not hear, or did not remember hearing [the constable] announce that he was running for office."). Similarly, it cannot be verified whether the constable made the statement to the local television station employee after the meeting or during the videotaped interview because the sound portion of the videotaped interview shown was deleted when it was broadcast. *See id.* While the two separate reports of the announcement suggest that the constable may have made them, we cannot conclude—nor do you suggest that we may assume—that he did so. *See, e.g.,* Tex. Att'y Gen. Op. No. DM-377 (1996) at 2 (concluding that county judge announced his candidacy or became a candidate "[o]n the assumption that the county judge made the statements reported in the newspaper"); *see* Tex. Att'y Gen. Op. No. O-3382 (1941) at 5 (stating that attorney general opinions cannot decide questions about the weight of the evidence or the credibility of witnesses).

We next consider the filing of the treasurer appointment. *See supra* p. 1, reported fact item numbered 1. As discussed earlier, the Legislature in section 251.001(A) has expressly provided that the filing of such a document does not constitute an announcement of candidacy. *See* TEX. ELEC. CODE ANN. § 251.001(1)(A) (Vernon Supp. 2007) (including as an example of affirmative action "the filing of a campaign treasurer appointment, except that the filing does not constitute candidacy or an announcement of candidacy for purposes of the automatic resignation provisions of Article XVI, Section 65"); *see also* Tex. Att'y Gen. Op. No. JC-0249 (2000) at 5 (concluding that a person who merely seeks a political party's executive committee's nomination to be the party's candidate—which action is also listed as an example of affirmative action in section 251.001(1)(H)—does not trigger the resignation provision of article XVI, section 65). However, while the filing by itself does not constitute an announcement of candidacy—and is not, therefore,

---

[5]In this regard, we note that while a trial court may find facts and an appellate court may review the reasonableness of the fact findings, this is not a function of the opinion process. *See, e.g., Morrow v. Corbin,* 62 S.W.2d 641, 643–46 (Tex. 1933) (distinguishing advisory opinions as an executive rather than a judicial function and discussing the powers of judicial courts); *C.T. Stedman v. Georgetown Sav. & Loan Ass'n,* 595 S.W.2d 486, 486–89 (Tex. 1979) (reviewing the reasonableness of the evidence supporting the trial court's fact findings).

dispositive on this issue—the statute does not preclude considering the filing as an evidence of intent to run for office.

Thus, while a finder of fact considering the totality of the reported events here could reasonably conclude that the constable announced his candidacy, this office cannot conclude that a finder of fact would do so as a matter of law. *Cf. RAJ Partners, Ltd.*, 217 S.W.3d at 648 ("a proposition [is] established as a matter of law when a reasonable finder of fact could draw only one conclusion from the evidence presented"). Accordingly, we cannot determine as a matter of law that the constable announced his candidacy for another office, thereby triggering the automatic resignation provisions of article XVI, section 65.

## S U M M A R Y

Election Code section 251.001(1)(A) provides that the filing of a campaign treasurer appointment does not constitute candidacy or an announcement of candidacy for another elected office for the purposes of the automatic resignation provisions of Texas Constitution article XVI, section 65. A court would likely conclude that section 251.001(1)(A) is constitutional.

Because the facts presented are not legally dispositive as to whether a particular constable orally or in writing stated that he was a candidate or running for the office of county commissioner, this office cannot determine as a matter of law that the constable announced his candidacy for another office when more than one year remained in his current term of office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee